## ESTATE OF H. K. BENNETT, DECEASED.

APPEAL BY C. H. BENNETT ET AL. FROM THE ORPHANS' COURT OF PHILADELPHIA COUNTY.

Argued January 22, 1890—Decided February 3, 1890.
[To be reported.]

1. Upon the distribution of the estate of a decedent in the Orphans' Court, it is within the sound discretion of the court to direct a portion of the fund to be withheld to meet a claim against the estate in a suit pending in the Court of Common Pleas.
2. In such a case, where there had already been two trials of the common-law action, and the claim and the defence to it were of such a nature that an issue from the Orphans' Court could well have been demanded, an order for such withholding was a proper exercise of that discretion: Hammett's App., 83 Pa. 392, distinguished.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 107 January Term 1890, Sup. Ct.; court below, number and term not given.

### Statement of Facts.

On November 4, 1889, the account of Charles H. Bennett, administrator of the estate of Henry K. Bennett, deceased, was called for audit before PENROSE, J., when counsel of H. L. Gaw & Co., as creditors of the estate, moved that the claimants be allowed to have their claim determined in the Court of Common Pleas No. 3, where a suit was then pending for the recovery of judgment for the amount due them. The motion was resisted by the accountant.

It was found by the auditing judge that the decedent died on September 11, 1887, domiciled in New Jersey; that the letters of administration to the accountant were ancillary only; that all the claims against the estate on the part of creditors in Pennsylvania had been fully satisfied, except that of H. L. Gaw & Co., which was upon a note made by the decedent to their order, at six months from August 29, 1881, for $5,373.89; that H. L. Gaw & Co. had brought suit upon the note in said Court of Common Pleas on February 20, 1888; that it was alleged on the part of the estate, as a defence, that the note had been given for an illegal consideration, to wit, a balance charged against the decedent in his lifetime upon a stock-gambling transaction; that there had been two trials of the cause in the Common Pleas, in the first of which there had been a verdict for the plaintiffs on a binding instruction to the jury, which verdict was subsequently set aside by the court in banc, and in the second trial the jury had failed to agree.

The auditing judge, considering Hammett's App., 83 Pa. 392, cited by the accountant, ruled that the power of the Orphans' Court, in the exercise of a sound discretion, to suspend proceedings in distribution for a reasonable time, and to a reasonable part of the estate necessary to satisfy the demands of creditors, according to §§ 39, 40, act of February 24, 1834, P. L. 81, pending a proceeding in a common-law court to establish a claim, was expressly recognized by the case referred to; that the defence set up was one as to which an issue might well be demanded, and that it did not appear that the delay in reaching a result in the Common Pleas was due to any laches on the part of the plaintiffs. Therefore, the amount of the note with interest being nearly $8,000, the auditing judge directed that $9,000 should be withheld from distribution, to be invested by the accountant and held to await the determination of the pro-

ceedings in the Common Pleas, or the further order of the court, the balance of the fund, to wit, $5,673.04, to be remitted to the administrator of the domicile.

To the order of distribution thus made, the accountant, on behalf of himself, as administrator, and of the heirs of the decedent, excepted, alleging that the auditing judge erred in directing the withholding of said $9,000, for the purpose stated, and in refusing to distribute the whole fund in the hands of the accountant among those entitled to it, according to law. These exceptions having been argued before the court in banc, they were dismissed, FERGUSON, J., saying:

"Whether the auditing judge should have considered and passed upon the claim in this case, was a question which appealed solely to his discretion. He had the right to do so, had he desired; but, as it appeared that a suit for the same cause of action had twice been tried in the Court of Common Pleas, and that one of these trials had resulted in a disagreement of the jury, it was pre-eminently a case to be settled in that tribunal. Under the circumstances, a request for an issue, if made, could not well have been refused. As the case is still on the trial list in the Court of Common Pleas, no unreasonable delay in the settlement of this estate is likely to occur by reason thereof. The exceptions are dismissed, and the adjudication confirmed."

Thereupon, the exceptant took this appeal, specifying that the court erred in overruling the exceptions filed to the adjudication, etc.

*Mr. Avery D. Harrington* (with him *Mr. Furman Sheppard*), for the appellant:

The distribution of a decedent's estate among creditors, as well as legatees, belongs exclusively to the Orphans' Court; and creditors may be required to present their claims at the adjudication of the estate, or lose their claim upon the fund for distribution: Hammett's App., 83 Pa. 392. In the present case, it was shown that final distribution of the fund could not be made until sometime in the spring of 1891, in the event of an appeal to this c urt, and that this delay would entail a great loss to the estate in interest, as well as in costs and expenses.

Opinion of the Court.

*Mr. C. Berkeley Taylor* (with him *Mr. John G. Johnson*), for the appellees:

The only case cited to show that the sound discretion of the court below can be reviewed in this court, is Hammett's App., 83 Pa. 392, which was decided upon widely different facts, but clearly sustains the ruling of the auditing judge. In that case, the balance for distribution was $84,688.67, and no creditors appeared claiming any part of the fund; and, at the suggestion of the accountants that large suits were pending, the court directed this balance to be withheld from distribution. Upon appeal to this court this direction was reversed.

OPINION, MR. CHIEF JUSTICE PAXSON:

The appellants' complaint is that the court below erred " in refusing to distribute the whole fund in the hands of the accountant among those entitled to it, according to law," and Hammett's App., 83 Pa. 392, was cited as sustaining their view.

The court set aside the sum of $9,000 in the hands of the accountant to meet a claim of H. L. Gaw & Co. against the estate. Suit had been brought upon this claim in the Common Pleas; two trials had been had, and the cause is still pending. Counsel for the plaintiffs in that suit appeared before the auditing judge, and asked that they should be allowed to have their claim determined by a jury in the suit then pending, and that, of the balance in the hands of the accountant, a sufficient sum should be set aside to await the result of that suit. This the Orphans' Court allowed, and set aside a portion of the fund as before stated. In this we see no error. Had the court proceeded to hear the claim, the plaintiffs would have been entitled to an issue, had it been demanded in proper time and under proper circumstances. We can therefore see no good reason why the question of fact should not be determined in the action pending in the Common Pleas. It will not cause any additional delay.

Hammett's Appeal is not in conflict with this view. There, no claim was made in the Orphan's Court; the alleged creditors did not appear there, and it was held there was nothing before that court to warrant the setting aside of the whole fund to meet claims which had never been presented there. Moreover, that case expressly rules that the Orphans' Court has a discre-

Opinion of the Court.

tion in such instances.   It was said by Mr. Justice AGNEW:
" Thus it is evident that a proceeding in a common-law court
to establish a claim, while it may be a reasonable ground for
the exercise of the sound discretion of the Orphans' Court in
suspending proceedings in distribution for a reasonable time
and to a reasonable part of the estate, necessary to satisfy the
demands of creditors, according to the thirty-ninth and fortieth
sections of the act of 24th February, 1834, . . . . confers no
jurisdiction on the former court to withdraw the fund from the
power or control of the Orphans' Court.   Of necessity, as we
have seen, the latter court must proceed to distribute the fund,
and cannot be hindered or delayed, by actions pending in other
courts, beyond a time which its own exercise of discretion may
determine to be necessary."

The difference between that case and the one in hand, briefly
stated, is this : In Hammett's Case the Orphans' Court withdrew
the whole of a large fund entirely from the heirs and legatees
to meet alleged claims of creditors who had never appeared be-
fore that court.   This we held was not the exercise of a sound
discretion.   In the present case, the court set aside a portion
of the fund at the request of a creditor, who had brought suit
in the Common Pleas, whose case had been twice tried, who
was prosecuting his claim with diligence, and who appeared in
the Orphans' Court, and asked it to set aside a part of the fund
in the hands of the accountant to meet his claim.   We regard
the action of the court below as a reasonable and proper exer-
cise of their discretion.

The decree is affirmed, and the appeal dismissed,
at the costs of the appellants.