## RICE ET AL. v. TILTON.

ESTATES OF DECEDENTS—FOREIGN WILLS—EXECUTORS—COMPETENCY—
DELAY IN APPLYING FOR LETTERS—LOSS OF PREFERENCE RIGHT—AD-
MINISTRATOR WITH THE WILL ANNEXED — STATUTES — STATUTORY
CONSTRUCTION.

1. An executor is not incompetent to serve unless he comes within one or more of the grounds of incompetency specified in Section 4628, Revised Statutes, 1899, viz: (1) Under the age of majority; (2) convicted of infamous crime; (3) adjudged by the court, judge, or court commissioner in vacation, incompetent by reason of drunkenness, improvidence, or want of understanding or integrity.

2. If an executor named in a will does not come within either of the classes of persons declared by Section 4628, Revised Statutes, 1899, to be incompetent, he has the right to be appointed, unless he has renounced, or has failed to apply for the probate of the will or for letters as required by Section 4574.

3. Non-residence of an executor named in a will does not render him incompetent.

4. Delay in applying for letters does not render an executor incompetent, but, by reason of such delay, he may lose his preference right to letters.

5. Section 4574, Revised Statutes, 1899, authorizing the appointment of an administrator with the will annexed, where the executor fails within the period therein specified to petition for the probate and for letters testamentary, or to show good cause for the delay, applies to foreign as well as domestic wills.

6. The placing of certain sections of the probate code, found in the same chapter in the original act, in a different order and under separate headings in the revision of 1899, was not intended to, and did not, change their application; and it is proper, as an aid in their construction, to consult the order in which they are found in the original act.

7. On May 14, 1901, the will of a non-resident testator was probated and letters testamentary issued in another state, where the testator had died and the executors resided. The executors did nothing toward probating the will in this state, where property of the estate was situated, until October 8, 1901, when they opened correspondence with the District Judge upon the subject, who informed them that

the will could be probated here, and would then authorize them to transact all business, except to convey real estate, which would require the appointment of a resident administrator, such information having probably referred to ancillary letters, which apply to personal property only. It appeared that, though the executors claimed to have been misled by such information, they intended to transact all business, except the conveyance of real estate, without being appointed or qualifying in this state; and neither of them came here until May, 1903, and did not employ local counsel until January, 1902; that in March, 1902, they filed an answer to a petition of defendant seeking specific performance of a contract probated with the will, and June 6, 1902, they filed a petition for the revocation of defendant's appointment as administrator with the will annexed, which appointment had been made November 30, 1901. *Held,* that good cause for the delay of such executors in applying for letters in this state was not shown; and the appointment of defendant as administrator with the will annexed was proper.

8. The fact that non-resident executors are not familiar with the laws of this state as to the necessity for probating the will and applying for letters here, or are wrongly advised by their attorney in the state of their residence in that respect, is not good cause for delay in applying for letters, so as to prevent the appointment of another competent person as administrator with the will annexed.

9. Where a son of the testator had contested the will in another state, which was afterward compromised by an agreement probated with the will, clearly stating what he was to take, and by which he released the estate from all other liability to him, he was not, in consequence of such contest, incompetent to act in this state as administrator with the will annexed, he being a resident, and not otherwise incompetent under the statute.

10. A son of the testator would not be rendered incompetent to act as administrator with the will annexed from the fact that he made a claim adverse to the terms of the will.

11. Upon the facts, *Held,* that there was not such an abuse of discretion, if any, on the part of the District Court, in appointing a son of the testator administrator with the will annexed, and in refusing to issue letters testamentary to the executors, who had delayed applying therefor, as to warrant interference by the appellate court.

[Decided May 6, 1905.]                    (80 Pac., 828.)

Error to the District Court, Carbon County, Hon. David H. Craig, Judge.

This was a proceeding in the District Court, sitting in probate, upon the application of the executors named in the will of Chauncey B. Tilton, deceased, for letters testamentary, and a counter application of William E. Tilton, a son of the testator, for letters of administration with the will annexed. The application of William E. Tilton was granted, and he was appointed administrator with the will annexed. The application of the executors was denied. The executors prosecuted error. The facts are stated in the opinion.

*McMicken & Blydenburgh,* for plaintiffs in error.

The testimony discloses that the plaintiffs in error as executors under the will of the testator proceeded to collect the estate in Wyoming and the interest thereon and to do all that was necessary; and that they carried out the agreement between themselves and the defendant in error under which the will was probated in Massachusetts so far as within their power, even during the time defendant in error was endeavoring to be appointed in this state without their knowledge; and that they would have continued so doing, and would have closed up the estate, had it not been for the illegal appointment of the defendant in error; and that they were led into error which caused them to refrain from applying for the appointment themselves by a letter received from the District Judge.

After the will had been admitted to probate, the executors were the only persons competent to be appointed unless they had been shown to be incompetent. That incompetency must be such as is prescribed by statute. (R. S. 1899, Secs. 4627-4629.) There was absolutely no evidence to show incompetency on the part of any one of the executors. The defendant in error admits that he did not notify the executors that he intended to apply for appointment in this state; and his attitude toward the estate and the will,

shown by his contest of the will in Massachusetts, rendered him incompetent or an improper person to be appointed as administrator with the will annexed. Executors originally derive their authority by appointment in the will. (Crosswell Ex. Ad., 50; *In re* Smith Estate, 16 L. R. A., 538; McGregor v. McGregor, 3 Abb. App. Dec., 93; Coope v. Lowerre, 1 Barb. Ch., 45; O'Bryan v. Newbert, 3 Dem., 56.) Statutes of disqualification of executors must be strictly construed. Where no statutory provisions exist, the common law rule prevails and non-residents may be executors. An executor appointed by foreign will should be preferred to any local applicant. (*In re* Miller Estate, 61 N. W., 229.) Incompetency must appear from evidence in some of the ways prescribed by statute. · (*In re* Li Po Tai's Estate, 41 Pac., 486.) Rules as to time within which administration may be granted do not apply to the taking out of ancillary letters. (Henry v. Row, 18 S. W., 806.) The executors applying must be granted letters testamentary. (*In re* Bergin's Estate, 34 Pac., 867; R. S. 1899, Sec. 4586.) Section 4574, Revised Statutes, 1899, applies to domestic wills only, and has no application to the probate of foreign wills. (Holladay v. Holladay, 19 Pac., 81.)

There were no debts against the estate in Wyoming and the final probate of the will in Massachusetts did not occur until May 14, 1901. While the executors were corresponding in Wyoming with reference to having local administration here, the defendant in error proceeded to have himself appointed, and, as soon as the executors discovered that he had been appointed, they diligently proceeded to secure the revocation of such appointment. We submit, therefore, that there was no unreasonable delay on the part of plaintiffs in error, and that there was no necessity for undue haste in the matter. The court erred in finding that the property in this state required the appointment of an administrator here to properly care for it, or that the estate was in great danger of being wasted. There is no testimony in the record to support the conclusion of the trial

court that plaintiffs in error are not fit, suitable or compe-
tent persons to be appointed executors in this state. On
the other hand, the evidence showing the conduct of the
defendant in error and his adverse relations to the estate
rendered him incompetent.

*N. R. Greenfield* and *Van Orsdel & Burdick,* for defend-
ant in error.

It was the duty of plaintiffs in error to apply for appoint-
ment here. (1 Woerner on Administration, Secs. 178, 181.)
The fact that in March, 1902, plaintiffs in error filed an
answer alleging the illegality of the appointment of the de-
fendant in error can avail them nothing, as in that collateral
proceeding the validity of the appointment could not be
determined. (Warfield's Will, 22 Cal., 51; Goldtree v.
McAllister, 86 Cal., 93.) The common law doctrine that
the executors get their authority from the will has been
changed, and the appointment must be approved by the
court before it is complete. (1 Woerner on Adm., Sec.
172.) The fact that one is named in the will as executor
gives him only the right to letters testamentary upon com-
plying with the conditions prescribed by law; hence the
appointment is derived rather from the law than from the
will. A person absent from the state cannot be appointed,
and if such person is named as executor, an administrator
with the will annexed must be appointed. It is apparent
that the appointment made in this case must stand or fall
upon the construction placed upon our statute. Constru-
ing statutes of other states not similar to ours can aid but
little in a correct interpretation. It is held that absence
from the state is a limited disqualification. (1 Abbott's
Probate Law, p. 421; Estate of Li Po Tai, 108 Cal., 484;
Estate of Brown, 80 Cal., 381.) While a non-resident may
apply for letters testamentary, he must within a reasonable
time come within the state and personally submit himself
to the jurisdiction of the court and personally conduct the
administration. The statutes make it evident that it was

intended that an executor must at all times be a resident of the state and submit himself to the jurisdiction of the court. (R. S. 1899, Secs. 4622, 4720.) Ancillary administration on estates of non-residents relates only to personal property and where the will specifically appoints one or more executors thereof. (R. S. 1899, Secs. 4585-4593.) Judge Craig's letters had reference to ancillary administration, and he correctly stated the law as to that matter. The transmission of real estate is governed by the *lex rei sitae.* (1 Woerner on Adm., 168, 226.)

The executors having failed to apply for letters within the time prescribed by statute, they waived their right, and the appointment of the defendant in error with the will annexed was proper. (R. S. 1899, Secs. 4574, 4682; *In re* Sutton, Estate, 71 Pac., 1012; 11 Ency. Law, 756; Jackson v. Jeffries, 1 Marsh. (Ky.), 88; Ives v. Bank, 28 Ill. App., 563; Wheat v. Fuller, 82 Ala., 572; Curtis v. Williams, 33 Ala., 570; Curtis v. Burt, 34 Ala., 729; Forrester v. Forrester, 37 Ala., 398; Cranthan v. Williams, 1 Ark., 270; Edwards v. Brude, 8 Md., 387; Spencer v. Wolfe, 49 Neb., 8; Jinkins v. Sapp, 40 N. Car., 510; Hughes v. Pipkin, 61 N. Car., 4; Hill v. Alspaugh, 72 N. Car., 559; *In re* Lewis Estate, 15 Pa. Co. Ct., 397.)

BEARD, JUSTICE.

On May 18, 1900, Chauncey B. Tilton died in Franklin County, Massachusetts, of which place he was a resident, leaving a will in which Alonzo M. Rice, Dexter F. Hagar and Eliza A. Howland, plaintiffs in error (hereinafter called plaintiffs), were named as executors and executrix, respectively, of said will. They were residents of Massachusetts. William E. Tilton, the defendant in error (hereinafter called defendant), is a son of decedent, a resident of Carbon County, Wyoming, and a legatee and devisee under the will. The estate consisted of real and personal property situated and located in Franklin County, Massachusetts, and in Carbon County, Wyoming, the value of the

property in Wyoming, both real and personal, being in the neighborhood of about $30,000. The deceased owed no debts in Wyoming at the time of his death. Upon the application of plaintiffs, the will was admitted to probate by the Probate Court of said Franklin County, July 3, 1900, and letters testamentary issued to plaintiffs and they immediately qualified. On August 7, 1900, the defendant appealed from the order of the Probate Court admitting the will to probate, to the Supreme Judicial Court of the commonwealth of Massachusetts, and thereupon the plaintiffs were appointed special administrators and administratrix, respectively, of the estate pending the appeal. Thereafter certain agreements of compromise were entered into between plaintiffs and defendant and Arabella A. Tilton, the widow of the deceased, which agreements were probated with and as a part of the will, in said Supreme Court, by agreement of said parties, and the order of the Probate Court admitting the will to probate was affirmed as thus modified on May 14, 1901, and letters testamentary were then duly and regularly issued to plaintiffs. By the terms of the agreements, probated with and as a part of the will, the defendant was to have $500 in cash, the live stock and farm implements, and certain real estate in Carbon County in full payment and satisfaction of all the legacies and devises to him or for his benefit and in full payment of claims of indebtedness of the estate to him, and the estate released all claims of indebtedness against him. The plaintiffs, while acting under their various appointments by the Massachusetts court, collected and received a considerable sum of money upon loans made by deceased to residents of Carbon County, and for rents of real estate there situated. Neither of the plaintiffs came to Wyoming, nor did they take any steps toward probating the will in this state for some time. The date and circumstances attending their application will be noticed hereafter. On November 9, 1901, the defendant filed his petition in the District Court of Carbon County, praying for the probate of the will in

that county and for his appointment as administrator with the will annexed, and on November 30, 1901, the will was, by order of said court, admitted to probate and the defendant appointed administrator with the will annexed. He qualified and filed his bond December 5, 1901, and proceeded to administer upon the estate in Wyoming. On January 21, 1902, the defendant filed his petition in the District Court of said Carbon County, in the matter of said estate, the purpose of which seems to be to compel the specific performance of the agreements probated with the will. To this petition the plaintiffs answered March 15, 1902, alleging in their answer that the defendant's appointment was illegal and void for want of notice to them of the application for the probate of the will. No further proceedings were had in that matter because on June 6, 1902, the plaintiffs filed their petition in said court to vacate and set aside the order of November 30, 1901, by which the will was admitted to probate and the defendant appointed. Upon this petition such proceedings were had that, on April 4, 1903, the District Court made an order setting aside, revoking, vacating and wholly annulling the order of November 30, 1901, for the reason that proper notices had not been given of the application as required by law, the order reciting that counsel for William E. Tilton admitted in open court that proper notice had not been given. On April 11, 1903, the plaintiffs filed their petition in said District Court for the probate of the will and for letters testamentary to be issued to them. At the same time the defendant filed his petition for the probate of the will and for letters of administration with the will annexed. The defendant filed an answer to plaintiffs' petition and objections to their appointment, admitting their appointment in Massachusetts and alleging that they had never taken any steps to have the will probated in Wyoming; that they had neglected the estate by reason of which it had suffered great loss; that they had not reported to the Massachusetts court as required by the laws of that state and had failed to pay any of the legacies provided for under the will.

The plaintiffs filed objections to the appointment of defendant on the grounds, mainly, that they were entitled to letters, and that the defendant was not a fit or proper person to administer upon the estate because he had contested the probate of the will in Massachusetts and was hostile to certain provisions of the will and desired to have certain clauses of the same set aside for his own pecuniary benefit.

Each party filed a reply to the objections of the other, and upon the issues thus joined, the cases were tried to the court, and by agreement of the parties the two cases were heard together; and on May 6, 1903, the will was admitted to probate without objection by either party and the court found generally for the defendant and against the plaintiffs, together with certain special findings which will be noticed hereafter, and entered an order appointing defendant administrator with the will annexed and refusing to appoint plaintiffs. A motion for a new trial was denied and plaintiffs bring error.

Both parties having applied for the probate of the will, and it having been admitted to probate by the District Court of Carbon County without objection by either party, there is no dispute upon that point. The contention on the part of the plaintiffs is, that as they are the persons named in the will as executors and executrix, respectively, and letters testamentary having been granted to them by the court of Massachusetts, where the will was first probated, they are entitled to letters in this state as a matter of right, if competent; and that they are competent under the laws of this state. On behalf of the defendant, it is claimed that the plaintiffs are incompetent; that they forfeited any right they may have had, by reason of their neglect and failure to apply for the probate of the will and for letters within the time allowed by law.

We think the case can be properly decided by a consideration of the following questions:

1. Were the plaintiffs incompetent?

2. Does Section 4574, Revised Statutes, 1899, apply to foreign wills, and if so, was good cause for delay shown?

3.   Did plaintiffs lose their preference right to be appointed by reason of delay?

4.   Was defendant incompetent?

We will consider these questions in the order stated.

Section 4628, Revised Statutes, 1899, is as follows: "No person is competent to serve as executor who, at the time the will is admitted to probate, is: (1) Under the age of majority; (2) convicted of infamous crime; (3) adjudged by the court, judge or commissioner thereof in vacation incompetent to execute the trust by reason of drunkenness, improvidence or want of understanding or integrity. If the sole executor or all the executors are incompetent, or renounce, or fail to apply for letters, or to appear and qualify, letters of administration with the will annexed must be issued as designated and provided for the grant of letters in case of intestacy."

Section 4629, Revised Statutes, 1899, provides: "Any person interested in a will may file objections in writing to granting letters testamentary to the persons named as executors therein, or any of them, for the reasons stated in the next preeding section; and the objections may be heard and determined by the court; or the judge or commissioner thereof in vacation. If such objections are sustained, a petition may then be filed for letters of administration with the will annexed."

The language of these two sections of the statute, when taken together, would seem to be so plain that there can be no doubt about their construction; and that the only objections that can be properly made to granting letters testamentary to the executors named in the will, upon the grounds of incompetency, must be for one or more of the reasons stated in Section 4628; and if the persons named in the will do not come within either of the classes of persons mentioned in that section and declared thereby to be incompetent, they have the right to the appointment unless they have renounced, or have failed to apply for the probate of the will or for letters. It was so held by the Supreme

Court of California under a statute in exactly the same language as ours and from which our statute was copied. (*In re* Bauquier's Estate, 88 Cal., 302 (26 Pac., 178.)

On the trial the District Court made a finding of facts, in addition to the general finding in favor of the defendant; and it is insisted by plaintiffs' counsel that these findings are not supported by the evidence. We do not deem it necessary to consider all of them. Among these findings is the following: "The court further finds that Alonzo M. Rice, Dexter F. Hager and Eliza A. Howland, or either of them, are not fit, suitable or competent persons to be appointed by this court to administer upon the estate of decedent within and under the jurisdiction of this court, and finds that William E. Tilton is in every way a suitable, fit and competent person and entitled to letters of administration with the will annexed as prayed for in his petition."

As to the finding of incompetency on the part of plaintiffs, it is sufficient to say here, that we discover no evidence in the record to support that finding, or rather conclusion, under the construction we place upon the sections of the statute above quoted. We think the court must have based that finding upon the fact of their delay; or from the fact that they were non-residents of this state; the decision having been made before the case of Hecht v. Carey, 78 Pac., 705, was decided by this court; in which case it was held that non-residence did not disqualify one as an executor, if he came into the state and submitted himself to the jurisdiction of the court and personally conducted the affairs of the estate. In our opinion, the plaintiffs were not shown to be incompetent.

2. Does Section 4574, Revised Statutes, apply to foreign wills? In order to arrive at a correct construction and application of this section, all of the statutory provisions on the subject must be read together. Nearly all of those provisions, as they appear in the Revised Statutes of 1899, are taken literally from Chapter 70, Laws of 1890-91, when our probate law, in substantially its present form, was

adopted. The sections bearing upon the question under consideration are found in Chapter 70, Subdivision of Chapter 2, Laws of 1890-91, and are set out below with the corresponding section numbers in Revised Statutes, 1899. Section 1, Laws of 1890-91—Section 4530, Revised Statutes, 1899, provides where wills must be proved. Subdivision 3 of said section: "In the county in which any part of the estate may be, the decedent having died out of the state, and not resident thereof at the time of his death."

Section 4, Laws of 1890-91—Section 4572, Revised Statutes: "Any executor, devisee or legatee named in any will, or any person interested in the estate, may, at any time after the death of the testator, petition the court having jurisdiction to have the will proved, whether the same be in writing in his possession or not, or is lost, destroyed or beyond the jurisdiction of the state or a nuncupative will."

Section 6, Laws of 1891—Section 4574, Revised Statutes: "If the person named in the will as executor, for thirty days after he has knowledge of the death of the testator, and that he is named as executor, fails to petition the proper court for the probate of the will, and that letters testamentary be issued to him, he may be held to have renounced his right to letters, and the court may appoint any other competent person administrator, unless good cause for delay is shown."

Section 14, Laws of 1891—Section 4582, Revised Statutes: "All wills duly proved and allowed in any other of the United States, or in any foreign country or state, may be allowed and recorded in the District Court of any county in which the testator shall have left any estate."

Section 15, Laws of 1890-91—Section 4583, Revised Statutes: "When a copy of the will and the probate thereof, duly authenticated, shall be produced by the executor, or any other person interested in the will, with a petition for letters, the same must be filed, and the court, judge or commissioner thereof must appoint a time for hearing; notice whereof must be given as hereinafter provided for an original petition for the probate of a will."

Section 16, Laws of 1890-91—Section 4584, Revised Statutes: "If, on the hearing, it appears upon the face of the record that the will has been proved, allowed and admitted to probate in any other of the United States, or in any foreign country, and that it was executed according to the laws of the place in which the same was made, or in which the testator was at the time domiciled, or in conformity with the laws of this state, it must be admitted to probate, and have the same force and effect as a will first admitted to probate in this state, and letters testamentary or of administration issued thereon."

We have set out these sections in the order in which they appear in the original act for the reason that we think it materially aids in their proper construction and application. They are all contained in Sub-Chapter 2, Chapter 70, Laws of 1890-91, which treats of probate jurisdiction and procedure, and includes both domestic and foreign wills. The placing of the sections in different order and under separate headings in the Revised Statutes, 1899, by the Revision Committee, we think, was not intended to and did not, in any way, change their application. We are, therefore, of the opinion that Section 4574, *supra,* applies to both foreign and domestic wills. The only difference between the two seems to be in the method of proving a will previously probated in another jurisdiction. The purpose of the statute was evidently to secure the prompt administration and settlement of estates and to require the executors named in a will to proceed with diligence or, in case of unreasonable delay on their part, to surrender their right to those interested in the estate.

The District Court also found: "That said executors found that the estate of said decedent was chiefly located in the County of Carbon, State of Wyoming, and that more than thirty days and more than a reasonable time since their appointment by the Massachusetts court elapsed before they applied to any of the courts of the State of Wyoming for the probate of said will and their appointment." This

finding is attacked on the ground that it is not supported by the evidence. Counsel for the plaintiffs contending that the evidence shows good cause for the delay. We think the finding has sufficient support in the evidence to warrant the court in arriving at the conclusion it did. The will was first probated in the Probate Court of Massachusetts July 3, 1900, from which defendant on August 7, 1900, took an appeal, and this appeal was decided May 14, 1901, .at which time plaintiffs were finally appointed, and ·letters testamentary issued to them. The will might have been probated in this state without waiting for the probate in Massachusetts. (Secs. 4530, 4572, R. S.; Clayton v. Clayton, 66 Pac., 410.) But the fact of the application having been made there and the probate of the will being there contested, was, probably, a sufficient showing of good cause for not applying to the court of this state. up to the time of the final decision in that state. And for the purposes of this case we will so consider it. Nothing, however, was done by the plaintiffs looking toward the probate of the will in Wyoming until about October 8, 1901, when it appears that their attorney in Massachusetts wrote to Judge Craig, the presiding judge of the District Court in and for Carbon ·County, Wyoming, and was informed by Judge Craig by letter dated October 18, 1901, that the will could be probated and plaintiffs appointed in Carbon County, which would authorize them to transact all business of the estate except to convey real estate, and for that purpose a resident administrator would have to be appointed. The attorney's letter is not in the record, but from Judge Craig's reply we think it must have referred to ancillary letters under Section 4585, Revised Statutes, which applies to personal property only. The plaintiffs claim they were misled by Judge Craig's letter and that they then sought for someone to act in Wyoming. A part of the correspondence on this subject is in the record, and it shows that the only purpose for which they desired the appointment of a resident administrator was to make the convey-

ances of the real estate; and that it was their intention to transact all other business connected with the estate without being appointed and without qualifying in Wyoming. That this was their intention, further appears from the testimony of Mr. Rice, one of the plaintiffs, who was present and was examined as a witness at the trial. In answer to a question by the court, he stated, that if the defendant had not applied for the probate of the will and for his appointment, it was not their intention to do so until they came to convey the real estate; as they were advised by their attorney in Massachusetts that it was not necessary. Neither of the plaintiffs came to Wyoming until about May 1, 1903, nor did they employ attorneys in Wyoming until early in January, 1902. In March of that year they filed their answer to the defendant's petition in which he sought to enforce the performance of the contract probated with the will, in which answer they set up the illegality of defendant's appointment; but not until June 6, 1902, did they file their petition to set aside his appointment. The fact that they were not familiar with the laws of this state, or that they were illy advised by their Massachusetts attorney was not good cause for the delay. Had their application been timely made, the District Court would have had no discretion in the matter and would have been bound to appoint them, if they were competent; and in such case they would be required to come here within a reasonable time and submit themselves to the jurisdiction of the court and personally conduct the settlement of the estate. (Hecht v. Carey, *supra.*)

3. This preference right is one that may be forfeited by delay. (Sec. 4574, R. S.; 11 A. & E. Enc. L., 756; 1 Abbott's Pro. Law, 421; New v. Right, 44 Miss., 202.) Under statutes giving to certain persons the preference right to letters of administration, and limiting the time within which such preferred persons may apply, it has been generally held, we think, that such preference is lost by a failure to apply within the time fixed by statute. (*In re*

Appeal of Mary Miller, 32 Neb., 480; Spencer v. Wolfe, 49 Neb., 8; Ramp v. McDaniel, 6 Pac., 456; *In re* Sutton's Estate, 71 Pac., 1012.)

The object of the statute in both cases is the same, namely: to secure the prompt settlement of estates. The preference in the one case is given by reason of the express wish of the testator, and in the other by reason of relationship or interest in the estate; and neither should be disregarded, provided the persons so designated, either by the testator or the statute, proceed with due diligence to discharge the duties of the trust; but upon their failure so to do, the right is lost and others interested in the estate have the right to come in. The plaintiffs were not rendered incompetent by the delay, but simply lost their preference right, and it then became, at least, a matter for the exercise of sound discretion by the court; and unless we find that there was an abuse of that discretion by the judge of the District Court, the judgment should not be disturbed.

4. Was the defendant competent? His competency to act as administrator depends upon whether or not he is disqualified by Section 4637, Revised Statutes. And unless he comes within one of the classes of persons therein declared to be incompetent, he has the right to act.

The qualifications of an administrator are the same as those of an executor, with two exceptions. The administrator must be a *bona fide* resident of the state, and must not be a married woman. The court found that the defendant was competent, and we find no evidence in the record showing him to be incompetent under the statute. The objection most strongly urged by plaintiffs against defendant's appointment is that of hostility to the terms of the will and adverse interest. But by the terms of the agreements of compromise probated with and as a part of the will, it is clearly stated just what he is to take, and he released the estate from all further liability to him and agreed to accept certain money and other property in full payment and satisfaction of all bequests and legacies to him

or in his favor. In any event, we think, an adverse claim made by him would not render him incompetent. (Estate of Muersing, 103 Cal., 585 (37 Pac., 520); Estate of Bauquier, *supra; In re* Brundages' Estate, 75 Pac., 175.) The bond of the defendant as administrator with the will annexed affords ample protection to devisees, legatees and others interested in the estate.

Upon an examination of the entire record, we have arrived at the conclusion that there was not such an abuse of discretion on the part of the District Court, if in fact there was any, as to warrant us in interfering with its judgment.

The judgment of the District Court is, therefore, affirmed.    *Affirmed.*

POTTER, C. J., concurs.