STATE, EX REL. MURPHY v. DISTRICT COURT, ET AL.
(No. 1516; May 15, 1928; 267 Pac. 424.)

*William E. Mullen,* and *Walter A. Muir,* for plaintiffs.

384

*M. E. Wilson, T. S. Taliaferro, Jr., A. R. Barnes* and *Arthur Lee Taliaferro*, for defendants.

386

KIMBALL, Justice.

This is an action original in this court in which the relators ask us by mandamus to require the District Court of Sweetwater County and the judge thereof to approve or disapprove a petition for final distribution of an estate in probate. On the return of the alternative writ, it appears that the material facts are not in dispute, and the right to the peremptory writ may be decided by disposing of plaintiff's demurrer to defendants' answer.

The undisputed facts shown by the pleadings are these. Albert Edward Young died testate in Sweetwater County, Wyoming, in May, 1923. His will was probated and his estate administered in the defendant court. The residuary clause of his will reads thus:

"Of the residue of my estate, either real, personal or mixed, I give, devise and bequeath to my beloved wife Carrie Pickering Young, of Rock Springs, Wyoming. And I hereby request that my said wife, Carrie Pickering Young, give, devise and bequeath by her Will, and to take effect upon her death, any and all of my said Estate there remaining to my heirs and her heirs, share and share alike."

By the decree of final distribution of the state of Albert Edward Young, made and entered in the defendant court on November 17, 1924, Carrie Pickering Young received the residue of the estate.

Carrie Pickering Young died testate in Sweetwater County, Wyoming, in February, 1926, leaving an estate in that county. Her will gave her estate to Robert D. Murphy, who is also executor of the will, and three sisters of the deceased. This will also was probated in the defendant court, and the estate there administered, to and including the order presently noticed. The executor, on March 8, 1927, filed his final report and account and petition for distribution. March 23, 1927, William L. Young and nine others, all of whom are residents and citizens either of Utah, Illinois or England, filed in the defendant court their written objections to the final account and petition for distribution of the executor of the will of Carrie Pickering Young. By the objections, it was made to appear to the defendant court that the heirs of Albert Edward Young claimed that the property received by Carrie Pickering Young under the residuary clause of the will of Albert Edward Young was impressed with a so-called precatory trust in favor of the heirs of Albert Edward Young and the heirs of Carrie Pickering Young; that Carrie Pickering

Young had only a life estate in the property; that on her death all that remained of the property belonged to the trust, and was not subject to distribution under the will of Carrie Pickering Young. Whether we have stated the claim with entire accuracy is not material. The important thing is that the objectors claimed under the will of Albert Edward Young a large part of the property in the possession of the executor of the will of Carrie Pickering Young. It also appeared from the objections that the objectors had set forth their claim in a bill in equity in a suit then and now pending in the District Court of the United States for the District of Wyoming. A copy of the bill in that suit, in which the heirs of Albert Edward Young are plaintiffs and Murphy, as executor of the will of Carrie Pickering Young, is defendant, was attached as an exhibit to the written objections. The bill alleges diversity of citizenship and an amount in controversy showing federal jurisdiction; states the facts relied upon in support of the plaintiffs' claim, and prays, among other things, for a decree impressing a trust for plaintiffs' benefit on property in the possession of the defendant.

In their written objections the objectors prayed that the final account and petition for distribution be by the defendant court rejected, and the final accounting and distribution of the estate held in abeyance until the decision of the case pending in the United States District Court.

The final report and petition for distribution filed by the executor of the will of Carrie Pickering Young, and the above-mentioned objections thereto, came on for hearing in the defendant court on April 25, 1927, and that court then made and entered an order approving the executor's accounts, after reciting that no objections were filed thereto. With reference to the distribution of the estate, the order recites at some length the substance of the objections and the grounds thereof, and on that matter concludes thus:

"And the court having heard the objections filed herein, and being now sufficiently advised in the premises, it is ordered that the distribution of the remainder of said estate to the said devisees and legatees named in the last will and testament of the said Carrie Pickering Young, deceased, be held in abeyance until the further order of this court."

Thereafter, on February 28, 1923, this action for mandamus was instituted on the relation of the executor of, and the legatees and devisees under, the will of Carrie Pickering Young.

This court cannot by mandamus control the judicial discretion of the defendants. That principle is declared in this state by statute (Sec. 6317, C. S. 1920), and, of course, conceded by counsel. The relators contend, however, that the defendant court had no right or authority to hold the petition for distribution in abeyance, but was required to make a final order disposing of it either by allowance or disallowance, and that we should command the making of such a final order.

It was shown without dispute to the defendant court that the property in the hands of the executor was the subject of litigation in a suit pending in the United States District Court. There has been no claim either in the defendant court or here that that suit is not being prosecuted with diligence, or that the decision will be unreasonably delayed. In the circumstances, we think the defendant court in the exercise of its discretion had authority to make the order of April 25, 1927, and that a writ of mandamus that would require at this time a final disposition of the petition for distribution would be a control of judicial discretion.

On questions of probate law not heretofore decided by this court we naturally look first to decisions of the courts of California, as our probate code follows generally the scheme of that of California, many provisions being identical. In the Estate of Ricaud, 57 Calif. 421, it appeared

that all of the real estate claimed to be assets of the state was involved in litigation by an action of ejectment which had been commenced against the decedent in his lifetime. The court said, among other things, that:

"If all debts and charges against the estate, including the expenses of administration, have been fully paid, and there is in the hands of the executor or administrator an ascertained balance of assets subject to distribution, the estate is ready for distribution, and distribution cannot be delayed. The court 'must' proceed to make distribution. The command of the law is, under such circumstances, peremptory.

"But where there is not an ascertained balance of assets, real or personal, in the hands of the executor or administrator, or if the assets are merely claimed to exist, and the right to them is involved in litigation, either by an action brought by the executor or administrator to recover them *for* the estate, or by an action against the executor or administrator to recover them *from* the estate, then the estate is not ready for distribution. The very existence of the property as assets is uncertain, and contingent upon the determination of the suits. It may or may not belong to the estate. Under such circumstances an estate would not be ready for distribution, and the Probate Court would have power, in the exercise of judicial discretion, to delay the distribution of the estate until the right to the assets be judicially determined, and the balance of assets for distribution be ascertained."

A part of that language was quoted with approval in Colton's Estate, 164 Calif. 1, 127 Pac. 643. In Burdick's Estate, 112 Calif, 387, 44 Pac. 734, it was said that the Probate Court has no jurisdiction to determine the rights of those claiming adversely to the estate, still "if serious questions upon such claims arise, the duty of the court might be to delay the final decree until such claims can be determined in another forum."

In King's Estate, 199 Calif. 113, 248 Pac. 519 the appellant claimed adversely to the estate the right to the property about to be distributed, and protested against

the distribution. The protest was disregarded, and the Supreme Court, in approving of the distribution of the estate used this language:

"If said appellant had or has any right as surviving partner of said decedent to receive and administer the properties of said estate as the assets of said alleged partnership, it was clearly her duty long prior to the time for the proper distribution of said estate to have instituted an action in a court of law or equity for the determination of her said claims, and doubtless upon the institution of such action and upon a proper showing made therein she would have been accorded the right to have the distribution of the properties of the estate of her deceased partner reasonably delayed in order that her aforesaid claims might in a proper forum be determined."

Other cases that support the view that the Probate Court may in its discretion delay distribution for a reasonable time awaiting the decision of pending litigation are: Estate of Bennett, 132 Pa. 201, 19 Atl. 58; In re Kittson, 45 Minn. 197, 48 N. W. 419.

We think the foregoing cases contain the answer to relators' contention that the defendant court had authority only to approve or disapprove the petition for distribution, and no right to order it held in abeyance until the further order of the court. Most of the cases refer to the right "to delay" distribution, and that was the effect of the order of April 25, 1927, in the case at bar. On that point see, further, Ross' Estate, 180 Calif. 643, 182 Pac. 755, where it was said that if the trial court might properly, in the exercise of its discretion, have continued the hearing in the proceeding for distribution pending the determination of certain appeals, it ought not to have denied the petition.

Counsel for relators, however, contend that the claimed right of the heirs of Albert Edward Young has been adjudicated against them. It is asserted that the defendant court sitting in probate, having full and complete juris-

diction of the estate and of all matters pertaining to the execution of the will of Albert Edward Young, on November 17, 1924, distributed to Carrie Pickering Young the residue of that estate free of any trust; that the will was merged in the decree of distribution, and that decree has become final and is not subject to attack in any court. Many authorities in support of this contention are cited in the brief. Whether or not the authorities support the contention is a point which, in our opinion, the defendant court was not required to decide in making the order holding in abeyance the distribution of the estate of Carrie Pickering Young, and which we are not required to decide in this action for mandamus. We do not understand that the relators contend that the Federal Court is without jurisdiction to hear and determine the suit in equity pending in that court. If there was a question of that jurisdiction, we believe the defendant court was warranted by the rule of comity, if nothing else, in assuming that the Federal Court was not acting in excess of jurisdiction. The facts and questions of law in reference to the decree of distribution in the estate of Albert Edward Young are proper to be urged in the Federal Court in support of the defense of *res judicata* which we understand has been pleaded by the defendant in the suit pending in that court. If the Federal Court has jurisdiction of the suit, it will have to decide the issues on the plea of *res judicata* with the other issues in that case.

The peremptory writ will be denied, and the case dismissed.

BLUME, Ch. J., and RINER, J., concur.