2003 WY 78

**ESTATE OF Thelma E. McLEAN, by and through its Personal Representative, David A. HALL, Appellant (Plaintiff/Respondent),**

v.

**Eugene H. BENSON and Heather L. Benson, Appellees (Defendants/Petitioners).**

No. 02–88.

Supreme Court of Wyoming.

June 26, 2003.

---

Janet L. Tyler, Laramie, Wyoming, Representing Appellant.

Philip A. Nicholas and Julie M. Yates of Anthony, Nicholas, Tangeman & Yates, LLC, Laramie, Wyoming, Representing Appellees.

Before HILL, C.J., and GOLDEN, LEHMAN, and VOIGT, JJ., and BURKE, D.J.

VOIGT, Justice.

[¶ 1] This is an appeal from an order admitting a will to probate. We dismiss the appeal because the order was not a final appealable order as contemplated by W.R.A.P. 1.04 and 1.05.

### FACTS

[¶ 2] In 1992, Thelma McLean (McLean) was "befriended" by EuGene Benson (Benson) and his daughter, Heather. Both Bensons were stockbrokers. From 1992 until her death in 1998, McLean transferred practically all of her financial dealings, not to mention most of her assets, to the Bensons.

In 1994, McLean signed a Last Will and Testament that had been prepared by Benson's brother-in-law, an attorney, and typed by Heather. The Bensons were the beneficiaries under the will.

[¶3] In 1999, McLean's nephew, David Hall (Hall), petitioned the district court for appointment as personal representative of McLean's intestate estate. Hall then immediately filed, on behalf of the estate, a civil action against the Bensons, alleging breach of fiduciary duties, undue influence, constructive fraud, constructive trust, breach of contract, breach of the duty of good faith and fair dealing, fraud, negligent misrepresentation, intentional interference with expected inheritance, civil conspiracy, negligence, and fraudulent transfers. Several months later, Benson filed the purported Last Will and Testament of McLean, and eventually sought appointment as personal representative of McLean's testate estate.

[¶4] On December 7, 2001, the district court ordered the two probate actions and the civil suit consolidated. Three months later, after summary judgment motions left most of the issues extant, the district court signed an Order Admitting Will to Probate and Appointing Personal Representative, and a separate Order on Motion for Summary Judgment. Hall became personal representative in both probates. All proceedings in the civil action were stayed pending resolution of any will contest in the combined probate. This appeal followed.

### ISSUES

[¶5] Hall and the McLean Estate raise the following issues:

I. Whether it was error to enter an order admitting a will, about which the Court had serious reservations, to probate nearly two and one-half years after the will was filed, and three years after an intestate probate was opened?

II. Whether it was error not to hold the order admitting the will to probate in abeyance until the conclusion of the civil action instituted by the Personal Representative appointed in the intestate pro-

ceeding, when that civil action is against the devisees under the purported will?

III. Whether the civil action instituted by the Personal Representative of the intestate estate, which action was consolidated into the combined intestate and testate probates, acts as a will contest for purposes of W.S. § 2–6–301?

[¶6] The Bensons raise the following issues:

A. Does appellant lack standing to object to the probate court admitting the will into probate and to bring this appeal?

B. Did the probate court, in accordance with the Wyoming Probate Code, properly admit the will into probate after letters of administration had been issued to appellant at appellant's request and a petition to probate the will had been filed?

C. [Are appellees] entitled to recover against appellant for costs and reasonable attorney's fees incurred by appellee[s] in defending a baseless appeal by appellant, in accordance with Wyoming Rules of Appellate Procedure Rule [10.05]?

### DISCUSSION

[¶7] We will not address most of the issues raised by the parties because this appeal must be dismissed for want of a final appealable order.[1] W.R.A.P. 1.04 reads, in pertinent part:

(a) A judgment rendered, or appealable order made, by a district court may be: reversed, vacated, remanded, or modified by the supreme court for errors appearing on the record.

In turn, W.R.A.P. 1.05 defines "appealable order" as follows:

(a) An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment; or

(b) An order affecting a substantial right made in a special proceeding; or

(c) An order made upon a summary application in an action after judgment; or

---

**1.** The Bensons raised this contention as a sub-    part of their "standing" argument.

(d) An order, including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5), Wyo. R. Civ. P.; if an appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party; or

(e) Interlocutory orders and decrees of the district courts which:

(1) Grant, continue, or modify injunctions, or dissolve injunctions, or refuse to dissolve or modify injunctions; or

(2) Appoint receivers, or issue orders to wind up receiverships, or to take steps to accomplish the purposes thereof, such as directing sales or other disposition of property.

[¶ 8] This Court has had numerous occasions to apply this definition to particular circumstances. We have stated, for instance, that an order is not final if it does not affect a substantial right of either party. *Stone v. Stone*, 842 P.2d 545, 549 (Wyo.1992). To be final, the order must determine all liabilities of all parties and leave nothing for future consideration. *Id.* at 548 (*quoting In re General Adjudication of All Rights to Use Water in the Big Horn River System*, 803 P.2d 61, 66 (Wyo.1990)). It must determine the merits of the controversy. *Public Service Commission v. Lower Valley Power and Light, Inc.*, 608 P.2d 660, 661 (Wyo.1980). The purpose of this general rule is to avoid fragmentary appeals and decisions made in a' piecemeal fashion. *In re General Adjudication of All Rights to Use Water in the Big Horn River System*, 803 P.2d at 66. An order that merely determines a procedural issue, such as jurisdiction, and leaves the merits for further hearing, is not a final order. *Steele v. Neeman*, 6 P.3d 649, 653 (Wyo.2000). The denial of a motion for summary judgment is not appealable unless it is coupled with the grant of summary judgment to the other party, thereby completely resolving the case. *McLean v. Hyland Enterprises, Inc.*, 2001 WY 111, ¶ 17, 34 P.3d 1262, 1267 (Wyo.2001).

[¶ 9] The McLean Estate contends that the Order Admitting Will to Probate and Appointing Personal Representative is a final appealable order under either W.R.A.P. 1.05(a) or (b). First, the McLean Estate cites *First Wyoming Bank, N.A.—Cheyenne v. First Nat. Bank and Trust Co. of Wyoming*, 628 P.2d 1355, 1362 (Wyo.1981), for the proposition that probate jurisdiction is limited and special. Next, the McLean Estate points out *Rice v. Tilton*, 13 Wyo. 420, 80 P. 828 (1905), where this Court considered an appeal from an order admitting a will to probate and appointing a personal representative, and *State ex rel. Murphy v. District Court of Second Judicial Dist. within and for Sweetwater County*, 38 Wyo. 382, 267 P. 424 (1928), where we considered an appeal from an order staying disposition of the assets of a probate estate. Finally, the McLean Estate cites *Taylor v. Estate of Taylor*, 719 P.2d 234, 235 (Wyo.1986), for the "implication" therein that the "time for appealing an order admitting a will to probate is different than the time to appeal an order of final distribution."

[¶ 10] In response, the Bensons rely on several cases that define a final order as one that reaches the merits of the controversy. *See, for example, Woods v. Woods*, 2001 WY 131, ¶¶ 8–10, 36 P.3d 1142, 1144–45 (Wyo. 2001) (order denying immediate distribution of trust assets not a final appealable order) and *Dexter v. O'Neal*, 649 P.2d 680, 681 (Wyo.1982) (order of default leaving question of damages for further adjudication not a final appealable order). The Bensons also contend that, pursuant to Wyo. Stat. Ann. §§ 2–6–121, 2–6–122, and 2–6–204 (LexisNexis 2003), the filing and admission of a will, with or without probate, is merely a clerical act mandated by statute. Such a clerical act is not a final appealable order because it does not determine the final merits of the case. *Lee v. Sage Creek Refining Co., Inc.*, 876 P.2d 997, 998 (Wyo.1994); *Spitzer v. Spitzer*, 777 P.2d 587, 592 (Wyo.1989).

[¶ 11] This appeal must be dismissed because it falls squarely into that category of cases to which W.R.A.P. 1.04 and 1.05 do not apply. Deciding whether the probate court was correct in admitting the will to probate will not resolve any of the substantive issues and will not affect substantial rights of the parties. Whether administration of the estate is testate or intestate, the allegations of

**754**

the civil suit will determine what assets belong to the estate. Where administration of the estate remains to be accomplished, an appeal is premature. *Matter of Estate of Campbell,* 673 P.2d 645, 648 (Wyo.1983). Neither *Rice* nor *State ex rel. Murphy* nor *Taylor,* cited by the McLean Estate, conflict with this resolution. In none of those cases was the question of the finality or appealability of an order raised. The issue in *Rice,* 13 Wyo. 420, 80 P. 828, was the appointment of the administrator, not admission of the will to probate. Since the contest in that case was between two people, each of whom wanted to be the administrator, the order appointing one affected the other's substantial rights. In *State ex rel. Murphy,* 38 Wyo. 382, 267 P. 424, this Court declined to issue a writ of mandamus directing the probate court to distribute the estate's assets where those assets were contested in a civil action. That is not precedent for us now to hear an appeal from a non-final order. And in *Taylor,* 719 P.2d 234, the issue was the application of the statute of limitations to a claim of fraud based upon the forgery of a will. Our statement therein, that the time had expired for appealing from the order admitting the will to probate, was *obiter dictum,* in that we were not directly addressing the issue of the appealability of such an order. *Taylor,* 719 P.2d at 235.

[¶ 12] Although we dismiss this appeal because the order from which the appeal was taken was not a final order, we decline to impose sanctions under W.R.A.P. 10.05. The McLean Estate's brief was not so lacking in cogent argument or pertinent authority that it constituted that rare circumstance where sanctions are appropriate. *See Amen, Inc. v. Barnard,* 938 P.2d 855, 858 (Wyo.1997) and *Mayflower Restaurant Co. v. Griego,* 741 P.2d 1106, 1116 (Wyo.1987).