2001 WY 131

Steven R. WOODS, Appellant (Defendant),

v.

Roger A. WOODS, Appellee (Plaintiff),

and

Marquietta C. Woods and Wells Fargo Bank Wyoming, N.A. Appellees (Intervenor).

No. 01–25.

Supreme Court of Wyoming.

Dec. 20, 2001.

Bernard Q. Phelan, Cheyenne, WY, Representing Appellant.

No appearance, Representing Appellee Roger A. Woods.

Janet L. Tyler, Laramie, WY, Representing Appellee Marquietta C. Woods.

Peter K. Michael, Cheyenne, WY, Representing Appellee Wells Fargo Bank Wyoming, N.A.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1] Steven Woods appeals from a district court order denying his motion and petition for immediate distribution of the corpus of a trust. Finding that the order appealed from is not a final, appealable order, we dismiss this appeal.

## ISSUES

[¶ 2] Steven Woods presents one issue as follows:

A trust agreement provided that distribution of the trust estate to named beneficiaries be made after all expenses attributable to the death of the grantor, all enforceable debts of the grantor, and "any estate or inheritance taxes" have been paid. May a court deny distribution to the beneficiaries if all conditions precedent have been met?

Appellees Wells Fargo Bank and Marquietta Woods reframe the issues thus:

I. Whether this appeal should be dismissed because there is no appealable order?

II. Whether the district court properly denied a beneficiary's motion for final distribution of trust real estate to the four beneficiaries as tenants in common?

## FACTS

[¶ 3] In May 1997 Roger Woods filed an action against Steven Woods in district court styled "Complaint for Accounting and Declaratory Judgment." According to the allegations of the complaint, Raymond Woods, the father of Roger and Steven, had established a revocable trust. Upon the death of Raymond Woods in 1995, Roger and Steven became co-trustees of the trust. The beneficiaries of the trust are four adult children of Raymond Woods: Roger, Steven, Marquietta Woods, and Ronald Woods. Under the terms of the trust, the trust assets are to be distributed to the beneficiaries after the payment of certain expenses.

[¶ 4] Roger alleged in his complaint that, since the date of their father's death, Steven had refused to acknowledge Roger as a co-trustee, had refused to give Roger any information regarding the administration of the trust, and had refused to give Roger appropriate access to the trust records. Roger requested the district court enter a declaration of the rights of Roger as co-trustee and order an immediate accounting of the administration of the trust.

[¶ 5] Steven answered, denying all allegations against him, and included a counterclaim against Roger. In his counterclaim, Steven alleged that Roger had breached his fiduciary duty to the trust, and requested the court remove Roger as a co-trustee. Marquietta was allowed to intervene. In her motion for intervention, she requested the district court appoint a special master to provide an accounting and to establish a plan for distribution of the trust assets. She specifically requested that the district court retain jurisdiction over the trust until the trust assets are distributed and settled. Eventually, pursuant to a motion by Marquietta, the district court removed both Roger and Steven as co-trustees and appointed Norwest Bank, now Wells Fargo Bank, as the trustee. Wells Fargo was allowed to intervene in order to allow it to utilize the rules of civil procedure to compel production of records of trust assets.

[¶ 6] Wells Fargo submitted an interim accounting in January 1999, and in October 1999 made an interim distribution of some of the assets of the trust to the beneficiaries. Wells Fargo alleged that several issues needed to be resolved before a final accounting and complete distribution of the trust could be accomplished. In May 2000, Steven filed a motion demanding immediate, in-kind dis-

tribution of the trust corpus, relying upon the following terms of the trust agreement:

Article VI—Payments at death of grantor.

A. Upon the death of Grantor, Successor Trustee shall pay directly, or to Grantor's Personal Representatives as said Personal Representative shall direct, Grantor's funeral and burial expenses, claims legally enforceable against Grantor's Estate, expenses of administering Grantor's Estate including expenses of last illness, if any, attorney's and accountant's fees, if deemed necessary in the best judgment of Successor Trustee, and any estate and inheritance taxes payable by reason of Grantor's death. If no Personal Representative is appointed, Successor Trustee shall pay all such expenses directly out of the Trust Estate. . . .

B. After Grantor's death, and after making any payments necessary under the provisions of Paragraph A of this Article VI Successor Trustee shall, from the principal of the Trust Estate, transfer, convey and distribute equally to the Grantor's children, STEVEN R. WOODS, ROGER A. WOODS, RONALD D. WOODS and MARQUIETTA C. WOODS, share and share alike and the trust terminated.

In his motion, Steven argued that the above terms of the trust regarding distribution had been fulfilled and thus the trust agreement required the immediate distribution of all trust assets.

[¶ 7] At an evidentiary hearing on Steven's motion for distribution, both the trustee and the tax accountant for the trust testified that not all tax issues had been resolved. Based upon this testimony, the district court ruled that the terms of the trust had not been fulfilled and denied Steven's motion and petition[1] for distribution. This appeal followed.

## DISCUSSION

[¶ 8] The decisive question in this appeal is whether the order denying immediate distribution constitutes a final, appealable order for purposes of appeal. Rule 1.05 of the Wyoming Rules of Appellate Procedure defines an appealable order as:

(a) An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment; or

(b) An order affecting a substantial right made in a special proceeding; or

(c) An order made upon a summary application in an action after judgment; or

(d) An order, including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5), Wyo. R. Civ. P.; if an appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party; or

(e) Interlocutory orders and decrees of the district courts which:

(1) Grant, continue, or modify injunctions, or dissolve injunctions, or refuse to dissolve or modify injunctions; or

(2) Appoint receivers, or issue orders to wind up receiverships, or to take steps to accomplish the purposes thereof, such as directing sales or other disposition of property.

Thus, for an order to be a final order subject to appeal, it must determine the action. "Generally a judgment or order which determines the merits of the controversy and leaves nothing for future consideration is final and appealable, and it is not appealable unless it does those things. 4 C.J.S. Appeal and Errors § 94, p. 252." *Public Service Comm'n v. Lower Valley Power and Light, Inc.*, 608 P.2d 660, 661 (Wyo.1980).

[¶ 9] In the underlying case, both Roger and Marquietta Woods have asked for an accounting of the administration of the trust. While an interim accounting and an interim distribution of trust assets have been accomplished, there has not yet been a final accounting. The district court maintains jurisdiction to take such further action as is necessary to accomplish the final accounting. Thus, the order on appeal is

---

1. After filing his motion demanding distribution, Steven also asked leave of the district court to file a petition to compel distribution. The record before this Court does not indicate that the district court ever granted leave to file the petition.

clearly an interlocutory order and not appealable at this time.

[¶ 10]   Because the order on appeal does not resolve the merits of the underlying claim, it is not an appealable order.   Therefore, this appeal is dismissed.