2008 WY 30

**Neil M. WEISS; Sam Jay Weiss; and Stan L. Weiss, in their capacities as Limited Partners of the Weiss Limited Partnership, Appellants (Defendants),**

v.

**Melvin J. WEISS, Appellee (Plaintiff),**

and

**Johanna Weiss Richards and Morris Weiss, Appellees (Defendants).**

No. S–07–0117.

Supreme Court of Wyoming.

March 20, 2008.

Representing Appellants: C.M. Aron of Aron and Hennig, LLP, Laramie, Wyoming.

Representing Appellees: Marvin L. Tyler of Bussart, West & Tyler, P.C., Rock Springs, Wyoming, for Appellee Johanna Weiss Richards; and Dale W. Cottam and Lindsay A. Woznick of Hirst & Applegate, P.C., Cheyenne, Wyoming, for Appellee Melvin J. Weiss; and Roger Fransen of Hickey & Evans, LLP, Cheyenne, Wyoming, for Appellee Morris Weiss. Argument by Messrs. Cottam, Fransen, and Tyler.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellants, Neil M. Weiss, Sam Jay Weiss, and Stan L. Weiss (hereafter "Appellants") seek review of an order of the district court entitled "Final Order Approving Plan for Winding Up and Distribution of the Assets of the Weiss Limited Partnership." Appellees, Melvin J. Weiss, Morris Weiss, and Johanna Weiss Richards (hereafter "Appellees") contend that the district court's order should be affirmed as the only practical solution to what has been an insoluble problem for this family. Appellants contend that the General Partner is also a party, but no brief was filed by the General Partner. The Receiver, who was appointed by the district court on July 14, 2006, to manage the partnership, in the absence of the six partners' ability to reach any sort of agreement about managing the partnership, is not a party to these proceedings. The Weiss Limited Partnership was included in the caption of this case in the district court and was represented by counsel throughout the proceedings below. However, it does not appear in the caption of this appeal, and it has made no appearance in this Court. We will affirm the district court's order.

## ISSUES

[¶ 2] Appellants raise these issues:

I. Whether a district court can distribute partnership assets in a manner contrary to the partnership agreement.

II. Where, as part of a plan for dissolution in accordance with the Partnership Agreement, the General Partner resolves to make a liquidating distribution, in kind, to the withdrawing limited partner, does the district court have authority to "enjoin" the plan and resolution without findings and evidence to support the injunction.

Appellees Melvin J. Weiss and Morris Weiss raise these issues:

I. Does Wyoming law allow a district court, sitting in equity, to distribute the assets of a dissolved limited partnership in accordance with equitable principles and in the most efficient and economical fashion in order to avoid a wasting of assets and additional delay and cost to the parties?

II. May a district court, presiding over the judicial dissolution of a limited partnership in which the existence of the general

partner is in dispute, enjoin an effort by less than the majority of the limited partners to distribute assets of the limited partnership without the agreement of the other limited partners?

Appellee Johanna Weiss Richards submitted a separate brief but she essentially joins in the issues raised by the other Appellees as set out above.

## FACTS AND PROCEEDINGS

[¶ 3]  A logical point of embarkation here is to recognize that the six limited partners named above each own a 1/6th interest in the limited partnership.  The only significant asset of the partnership is a parcel of real property approximately 66 acres in size.  It consists of mostly undeveloped land in Rock Springs.  Harry Weiss, the father of the parties to this appeal, first created a Trust dated May 21, 1982.  Although we do not know much about that Trust, we do know that the real property at issue here was an asset of that Trust, and Harry Weiss was the Trustee of that Trust.  Harry Weiss also created the Weiss Limited Partnership on December 29, 1982, and he acted as the General Partner during his lifetime.  His six children were limited partners in that business organization.  Since the death of Harry Weiss on December 23, 2001, the parties have been unable to agree on how to manage the partnership or what to do with the assets of the partnership.  Although Morris Weiss attempted to act as "General Partner" for a time, his actions in that role were one of the circumstances that precipitated this litigation.

[¶ 4]  This litigation was initiated on April 11, 2005, by Melvin J. Weiss as an "Application for Judicial Dissolution and Winding Up of Limited Partnership and Complaint for Damages and Accounting."  That pleading alleged that Morris Weiss had failed to properly manage the partnership and that he had actively frustrated the wishes of all other partners to liquidate and distribute the partnership assets.  A request to appoint a Receiver was also made by Melvin Weiss and Johanna Weiss Richards.

[¶ 5]  On March 28, 2006, a pleading entitled "Motion of Defendant Weiss Limited Partnership to Dismiss on Grounds of Mootness and Lack of Jurisdiction and Opposition to Motion for Appointment of Receiver" was filed on behalf of the partnership created by Harry Weiss, the Trust created by Harry Weiss (as successor General Partner to Harry Weiss), and it was signed by the same attorney who now represents the Appellants herein.  It alleged that the Trust was the General Partner now that Harris Weiss was dead, and that the General Partner was empowered to sell the assets of the partnership and otherwise conduct the business of the partnership.  It went on to provide that the General Partner would make a liquidating distribution to Morris Weiss of the buildings and ground on which his business was located, that the remainder of the real estate would be sold and the proceeds distributed to the other partners, and that any disagreements among the partners were required to be resolved by arbitration.  Paragraph 21 of the partnership provided: "If any controversy or claim arising out of this Limited Partnership Agreement cannot be resolved by the partners, it shall be settled by arbitration in accordance with the rules of the American Arbitration Association then in effect, and judgment on the award may be entered in any court having proper jurisdiction."

[¶ 6]  On July 14, 2006, the district court entered an order appointing the Receiver.  That order recited that Melvin Weiss and Johanna Weiss Richards had filed a motion for the appointment of a Receiver and that a hearing was held on that motion.  The order spelled out the duties of the Receiver and relieved Morris Weiss as the manager of the Limited Partnership.  A point of contention in this appeal, for the Appellants, is the district court's further order that the "liquidating distribution" to Morris Weiss was enjoined.  There is little, if any, documentation of the pleadings leading up to that order in the record on appeal, and the hearing was either not reported or not transcribed and is not included in the record on appeal.  However, this order was the document that governed the management of the Weiss Limited Partnership until the entry of the district court's "final order," which is set out in detail below.  No challenge was made to this order

at the time it was entered. Appellants challenge aspects of it in this appeal, but in both the brief and oral argument, the Appellants argue as their primary focus that the district court's distribution is erroneous and that the only correct distribution is to the limited partners as tenants in common. The Receiver has been in place for some time and has managed the partnership during that time (and has continued to do so during the pendency of this appeal) and that can not, as a practical matter, be undone in the context of this appeal as it is presented to the Court in the parties' papers.

[¶ 7] Melvin Weiss amended his application for dissolution of the limited partnership on October 13, 2006. That application was, in large part, a repeat of his original but it added a claim for breach of contract on the part of Morris, Stan, Sam, and Neil for their failure to abide by the partners' original agreement for the dissolution of the partnership. On October 16, 2006, Melvin asked the district court to order mediation, which the district court did. However, that mediation apparently was not productive, although the record does not tell us very much about that process.

[¶ 8] On January 10, 2007, Melvin Weiss, Morris Weiss, and Johanna Weiss Richards filed a "Joint Motion of Melvin Weiss, Morris Weiss and Johanna Weiss Richards for Approval of Plan for Winding Up and Distribution of the Assets of the Weiss Limited Partnership."

[¶ 9] All parties agree, although for different reasons, that the resolution of this case must be found in the Partnership Agreement, the law applicable to the dissolution of partnership agreements such as the one at issue here, and the circumstances in which these six siblings find themselves, i.e., in a state of strong, antagonistic, and quarrelsome disagreement which they have been unable to resolve for over six years now. The Appellants contend that the Partnership Agreement, in combination with the governing statutes, will allow only one result, which is that the entire property must be sold and the proceeds distributed equally to the partners. However, Appellee Morris Weiss continues to operate the family business which

was passed down to him from his father and which is located on the real property at issue. His brother Melvin Weiss has joined with him in an endeavor to preserve Morris's ability to continue to operate the business in situ. The record indicates that Morris could not economically relocate the business to a new location. As is evident from the above circumstance, Morris Weiss still lives in Rock Springs. Morris's sister Johanna Weiss Richards also still lives in Rock Springs and wants to keep her 1/6th share of the real property. The other four siblings live in other states.

[¶ 10] The district court made these findings in its "Final Order Approving Plan for Winding Up and Distribution of the Assets of the Weiss Limited Partnership:"

1. It is not reasonably practicable for the partnership to carry on its business and there has been an application by Melvin Weiss for a judicial dissolution and winding up of the limited partnership.

2. The Court has authority to wind up the limited partnership's affairs upon application of any partner or legal representative or assignee.

3. Compliance with the terms of the parties' Partnership Agreement would require that the partnership property be distributed to the Limited Partners as tenants in common.

4. Such distribution would not completely resolve the issues between the parties, in that it is likely the Limited Partners would seek to partition the property and the result would be inefficient and wasteful of the parties' and the Court's resources.

5. In addition to issues related to distribution of the partnership property, Melvin Weiss and Morris Weiss have brought claims against the partnership for money damages, which claims will be withdrawn if the plan for winding up and distribution of the partnership assets is approved by the Court.

6. The distribution of 11–acre parcels to each partner results in a division that gives fair value to each of the limited partners, as long as a proportionate share of

"usable" and "unusable" acres is included in each parcel.[1]

7. That portion of the Plan for Winding Up and Distribution of the Assets of Weiss Limited Partnership (hereinafter "Plan") that provides for a 22–acre parcel to be set over to Melvin Weiss and Morris Weiss constitutes a waiver by them of their individual rights to receive separate 11–acre parcels and is construed by the Court to be a consent to the proposed distribution.

8. The Court concludes that distribution of four 11–acre parcels to Johanna Weiss Richards, Stan L. Weiss, Sam Jay Weiss and Neil M. Weiss and one 22–acre parcel to Melvin Weiss and Morris Weiss in accordance with the Plan constitutes a fair and equitable method for winding up and for distribution of the assets of the Weiss Limited Partnership and is consistent with the tenor of the Partnership Agreement.

9. The distribution ordered herein is not a sale of the affected property for any purpose, but is a partition of the partnership property and a distribution in kind made for the purpose of winding up, distribution of the assets and termination of the Weiss Limited Partnership.

10. That although a supplemental decree to implement the setting over of specific parcels to the parties as described herein will be necessary after a formal survey is completed and a description of each parcel to be distributed becomes available, this order constitutes a final judgment and disposes of all disputed issues raised by the pleadings in this case.

11. That continuation of the receivership is necessary to accomplish the winding up and distribution of partnership assets.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Weiss Limited Partnership be, and it is hereby judicially dissolved, and the winding up of its business and distribution of its assets shall be accomplished as set forth herein.

IT IS FURTHER ORDERED that Morris Weiss's claims for an equitable accounting and distribution of the partnership assets are granted.

IT IS FURTHER ORDERED that all remaining claims asserted by Melvin Weiss and Morris Weiss are hereby dismissed in accordance with the terms of the Joint Motion.

IT IS FURTHER ORDERED that the business of the Weiss Limited Partnership shall be wound up, its assets shall be distributed and its legal existence shall be terminated as follows:

A. The partnership property shall be divided into five parcels, four parcels consisting of 11 acres, more or less, and one parcel consisting of 22 acres, more or less, with the 22–acre parcel to include lands located in the southeast part of the property and to include buildings in which Rock Springs Hide and Fur, In[c]., is located, as shown generally on the map identified as Hearing Exhibit 2.

B. The Receiver, with the cooperation and assistance of the parties, will obtain and pay for a survey necessary to accomplish division of the property as described herein and as shown generally on the map identified as Hearing Exhibit 2.

C. The 22–acre parcel shall be distributed in kind by decree to Melvin Weiss and Morris Weiss, or entities nominated by them to receive title on their behalf, as tenants in common. The in-kind distribution under this paragraph shall constitute the entire distributive share of Melvin Weiss and Morris Weiss in the partnership property and neither of them shall be entitled to receive any interest in any of the other parcels.

D. The 11–acre parcel adjacent to the 22–acre parcel, as shown generally on the map identified as Hearing Exhibit 2, shall be distributed in kind by decree to Johan-

---

1. The terms "usable" and "unusable" acreage originated in the appraisal of the property obtained by the Receiver. The property included some steep terrain with rocky outcroppings. Those areas were designated as "unusable," al-though their per-acre value was still $6,500.00 an acre. The "usable" acreage consisted of less steep sloping land and some flatland and was valued at $22,000.00 an acre.

na Weiss Richards, or to an entity nominated by her to receive title on her behalf. The in-kind distribution under this paragraph shall constitute the entire distributive share of Johanna Weiss Richards in the partnership property and she shall not be entitled to receive any interest in any of the other parcels.

E. Three 11–acre parcels shall be created out of the remaining 33 acres adjacent to the 11–acre parcel being distributed to Johanna Weiss Richards, as shown generally on the map identified as Hearing Exhibit 2, and shall be distributed in kind by decree to Neil Weiss, Stan Weiss, and Sam Weiss, or entities nominated by them to receive title on behalf of each of them. Neil Weiss, Stan Weiss and Sam Weiss may waive their right to receive individual 11–acre parcels as provided herein and instead elect and consent to receive title to the entire 33–acre parcel as tenants in common if they provide written notice to the Court and to the other parties not later than 20 days from the date of this Order. The in-kind distributions under this paragraph shall constitute the entire distributive shares of Neil Weiss, Stan Weiss and Sam Weiss in the partnership property and none of them shall be entitled to receive any interest in any of the other parcels.

F. All partnership costs, fees and expenses, including the Receiver's fees, shall be paid out of existing partnership funds. If the partnership has funds remaining after payment of all of the partnership's obligations, those funds shall be distributed by the Receiver to Johanna Weiss Richards, Neil Weiss, Sam Weiss, Melvin Weiss, Morris Weiss and Stan Weiss in equal one-sixth shares.

G. Upon distribution of the partnership's assets and payment of its obligations, the Receiver shall make such filings as are necessary to terminate the partnership's legal existence and shall notify the Court and the parties of such filings.

IT IS FURTHER ORDERED that the Court shall retain continuing jurisdiction during winding up of the partnership and distribution of the partnership assets. The Receiver is hereby authorized to do all things necessary to carry out and give effect to the terms of this Order and the Order Appointing George Lemich, Esq., as Receiver of Weiss Limited Partnership Assets and may obtain the direction of the Court as to any matter related to the partnership, its winding up and the distribution of its assets under the terms of this Order by application to the Court and upon notice to the parties.

[¶ 11] Hearing Exhibit 2 is an aerial photograph that depicts the entire 66–acre parcel and depicts approximately how the parcel will be divided among the Weiss siblings. Hearing Exhibit 1 is an appraisal which established that the entire parcel is worth about $1,000,000.00. There are improvements on the property and those improvements do produce income. However, the appraisal establishes that the improvements are decrepit and ramshackle and do not add value to the parcel. Indeed, it is possible that the buildings on the parcel detract from what the parcel's value would be if they were not there.

## DISCUSSION

### Is the District Court's Order an Appealable Order

[¶ 12] Appellants suggest that, although they do not support their suggestion with cogent argument or pertinent authority, the district court's order, although captioned as a "final order," is not really final because additional proceedings in the district court are almost certain to be required before this case is, at last, resolved. Appellees are dismissive of that contention, relying on W.R.A.P. 1.05(e)(2) for their proposition. We set out W.R.A.P. 1.05 in its entirety below, because there are several possibilities as to why the district court's order is "appealable," even though it might not necessarily be "final." There are some areas of the law where "finality" can be elusive. Divorce is one such area, and according to the parties' briefs and arguments, the simplicity and economy of a divorce might have been a welcome relief to these parties. W.R.A.P. 1.05 provides:

**Rule 1.05   Appealable order defined.**

An appealable order is:

(a) An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment; or

(b) An order affecting a substantial right made in a special proceeding; or

(c) An order made upon a summary application in an action after judgment; or

(d) An order, including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5), Wyo. R. Civ. P.; if an appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party; or

(e) Interlocutory orders and decrees of the district courts which:

(1) Grant, continue, or modify injunctions, or dissolve injunctions, or refuse to dissolve or modify injunctions; or

(2) Appoint receivers, or issue orders to wind up receiverships, or to take steps to accomplish the purposes thereof, such as directing sales or other disposition of property.

[¶ 13] We think that Appellees' reliance on Rule 1.05(e)(2) is plausible, as would be a contention that the disputed order is appealable under Rule 1.05(a) or (b). We conclude that is unnecessary for us to further refine our analysis of what the proper basis, or bases, is for this appeal, because the parties have not thoroughly briefed or argued those matters. We are satisfied that the district court's order is appealable and, moreover, it is as "final" an order as could be fashioned in this case without causing gross diseconomies of effort to the parties, to the district court, and to this Court.

**Do the Partnership Agreement and the Governing Statutes Prohibit the Trial Court's Order**

[¶ 14] It is undisputed in the briefs, and it was undisputed at oral argument, that the Appellants and the Appellees are unable to decide on how to distribute the partnership assets. However, it is equally apparent that it is the express will of all partners that the partnership be dissolved and that its assets be equally divided among them. Such a circumstance is recognized as a proper basis for dissolution of a partnership. J. William Callison, Maureen A. Sullivan, *Partnership Law and Practice, General and Limited Partnerships* § 16:5 (Thomson–West 2004).

[¶ 15] The parties are in agreement that there are no factual disputes in this case. This case most closely resembles a summary judgment case wherein the parties have agreed that there are no genuine issues of material fact and that one party, or the other, is entitled to judgment as a matter of law. The district court's construction of the Partnership Agreement and its construction of the governing statutes, in light of the circumstances of that agreement and the circumstances of this case, are questions of law that we review *de novo*. See generally *Warnick v. Warnick*, 2003 WY 113, 76 P.3d 316 (Wyo.2003).

[¶ 16] The Appellants assert that paragraph 15 of the Partnership Agreement must govern. It provides:

15. On termination of the partnership, all of the partners (general and limited), or such partners and the personal representative or conservator of any deceased or insane partner, shall become tenants in common of the partnership assets. Any person who was a general partner at the time of the termination shall be liable for partnership debts to same extent as he was at the time of the termination. To the extent a general partner (directly or indirectly) pays such a liability, he shall have a right to reimbursement out of all property of the partnership at the time of termination, and shall have a lien on all property of the partnership at the time of termination to secure his right to reimbursement for payment of any such debts.

[¶ 17] The Partnership Agreement also provided that among its purposes were to involve the Weiss siblings in the management of the partnership's assets and to provide the children with their "separate estates." However well-intentioned Harry Weiss's ideas for a family business were, we are not inclined to disagree with the district court's conclusion that as things stand, "it is not reasonably

practicable to carry on the business in conformity with the partnership agreement." Wyo. Stat. Ann. § 17–14–902 (LexisNexis 2007); also see Callison & Sullivan, *Partnership Law and Practice, General and Limited Partnerships, supra,* § 16:19 (judicial winding up and appointment of receiver proper when equitable, especially when dissension among the partners created a risk of loss in the value of partnership assets); 59A Am. Jur.2d *Partnership* § 911 (2003) (dissolution of limited partnership is an equitable matter).

[¶ 18] The Appellants further contend that they may not be compelled by the district court to receive their interest in any form other than cash, and may not be compelled to take it in kind. Wyo. Stat. Ann. § 17–14–705 (LexisNexis 2007) provides:

> Except as provided in writing in the partnership agreement, a partner, regardless of the nature of his contribution, has no right to demand and receive any distribution from a limited partnership in any form other than cash. Except as provided in writing in the partnership agreement, a partner may not be compelled to accept a distribution of any asset in kind from a limited partnership to the extent that the percentage of the asset distributed to him exceeds a percentage of that asset which is equal to the percentage in which he shares in distributions from the limited partnership.

However, this statute does not support the Appellants' argument. See Callison & Sullivan, *Partnership Law and Practice, General and Limited Partnerships, supra,* § 25:5. Appellants have failed to state a sound basis for their objections to distribution of the real estate in kind, in equal-sized and equal-value shares, other than that it is not the distribution that they preferred.

[¶ 19] The Appellants assert that the Partnership Agreement itself, when read in light of the governing statutes, mandates that the only legally acceptable resolution of this case is the sale of all of the assets of the partnership (i.e., the real property) and distributing the cash from the proceeds of that sale to the partners in equal amounts. We do not agree that the Partnership Agreement must be read so narrowly or that the agreement, in combination with the statutes, requires that result. Paragraph 5 of the Partnership Agreement provides:

> 5. The term of existence of the partnership is the period beginning at formation and ending upon the death of the survivor of Harry Weiss and any additional general partners admitted to the partnership pursuant to Section 12 hereof; provided, however, that the partnership shall not be dissolved if all remaining partners elect to continue the partnership in accordance with Wyoming Stat. Ann. § 17–14–901 or any successor provision.

[¶ 20] No other general partners were ever admitted to the partnership. Wyo. Stat. Ann. § 17–14–901 (LexisNexis 2007) provides:

> (a) A limited partnership is dissolved and its affairs shall be wound up upon the happening of the first to occur of the following:
>
> (i) At the time specified in the certificate of limited partnership;
>
> (ii) Upon the happening of events specified in writing in the partnership agreement;
>
> (iii) Written consent of all partners;
>
> (iv) Repealed by Laws 1999, ch. 145, § 2.
>
> (v) Entry of a decree of judicial dissolution under W.S. 17–14–902;
>
> (vi) A vote to dissolve by all of the limited partners, or a number or percentage of limited partners specified in the partnership agreement, within ninety (90) days after an event of withdrawal of the last remaining general partner; or
>
> (vii) The failure of the limited partners to admit or appoint another general partner within ninety (90) days after an event of withdrawal of the last remaining general partner.

[¶ 21] Wyo. Stat. Ann. § 17–14–902 provides:

> On application by or for a partner the district court may decree dissolution of a limited partnership whenever it is not reasonably practicable to carry on the business in conformity with the partnership agreement.

[¶ 22]   Wyo. Stat. Ann. §§ 17–14–903 and 17–14–904 (LexisNexis 2007) authorize the district court to wind up a limited partnership's affairs and distribute the assets to the limited partners.   Upon consideration of the unique circumstances outlined above, we conclude that the district court did not err in entering the order which is the subject of this appeal.

## CONCLUSION

[¶ 23]   The district court's order is affirmed and this matter is remanded to the district court for such further proceedings as may still be necessary to effectuate the district court's order.