# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 49

APRIL TERM, A.D. 2021

April 6, 2021

CHERI DAVIDSON-EATON,

Appellant
(Defendant),

v.

CHRISTY IVERSEN and SUSAN D.
KIRK, as co-personal representatives
of the Estate of Gale S. Iversen,
deceased,

Appellees
(Plaintiffs).

S-20-0150

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
　　Bernard Q. Phelan, Attorney at Law, Cheyenne, Wyoming

*Representing Appellees:*
　　John E. Masters, Attorney at Law, Cheyenne, Wyoming

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, **Chief Justice**.

[¶1]    Christy Iversen and Susan Kirk, co-personal representatives of the Estate of Gale S. Iversen (hereinafter "the Estate"), sued Cheri Eaton, Mr. Iversen's caretaker.  The Estate sought to recover property that it alleged Ms. Eaton unlawfully transferred to herself, and it requested that she be ordered to provide the Estate an accounting.  Ms. Eaton in turn filed a creditor's claim against the Estate claiming a right to compensation for services rendered to Mr. Iversen during his lifetime.  When that claim was rejected, she sued the Estate in a separate action in district court for breach of express contract, breach of implied contract, and quantum meruit.  The court then consolidated the actions brought by Ms. Eaton and the Estate.

[¶2]    The Estate moved for a partial summary judgment, and the district court granted that motion as to its property claims.  After a bench trial, it denied Ms. Eaton's claims and ordered that she provide the Estate an accounting.  Ms. Eaton filed a notice of appeal identifying the order after trial and the summary judgment order as the orders appealed.  We conclude that no final order has been entered in this matter, and we thus dismiss Ms. Eaton's appeal for want of jurisdiction.

## ISSUE

[¶3]    The dispositive issue is whether the district court has entered a final appealable order that resolves all outstanding issues in this matter.

## FACTS

[¶4]    Gale Iversen died on August 4, 2017.  On September 21, 2017, his Estate sued Ms. Eaton, alleging that she unlawfully transferred Mr. Iversen's real property to herself shortly before his death.  It sought an order quieting title to the property in the Estate, an order declaring the deeds that Ms. Eaton recorded void, and an order ejecting her from the property.  The Estate also alleged that Ms. Eaton was acting as a fiduciary under a power of attorney, and it thus sought imposition of a trust and accounting.

[¶5]    The record on appeal is not complete as to Ms. Eaton's complaint.  At some point she filed a creditor's claim against the estate for compensation that she claimed she was owed for care she provided Mr. Iverson during his lifetime.  Apparently that was rejected, and she then sued the estate in district court.  Her complaint asserted causes of action for breach of express contract, breach of implied contract, and quantum meruit.  On April 17, 2018, the district court consolidated the Estate's and Ms. Eaton's complaints for hearing.

[¶6]    The Estate moved for partial summary judgment on its property claims, and on February 21, 2019, the district court granted that motion.  The court ruled that the property deeds Ms. Eaton recorded were invalid and void, and it therefore ordered that title be

quieted in Gale Iversen, his estate, and his heirs and beneficiaries. The court further ruled that the Estate was entitled to judgment on its ejectment claim, and it ordered Ms. Eaton to vacate the property.

[¶7] The district court held a bench trial August 19 through August 21, 2019 on Ms. Eaton's claims and the Estate's remaining claim for imposition of a trust and accounting. On December 19, 2019, the court issued an "Order and Opinion," which ruled against Ms. Eaton on all of her claims, and ordered as follows concerning the Estate's claim for an accounting:

> [I]t is not appropriate to impose a complete fiduciary responsibility on Eaton and make her account. However, as to the transfer of titles to vehicles or real property, or of moneys in and out of [Mr. Iversen's] bank and investment accounts, she was a fiduciary as she acted only through the limited grant of authority of the power of attorney and must account in response to a specific demand by the Estate.
>
> Estate is entitled also to loss of rents and profits on real estate properties unlawfully transferred, in addition to the amounts revealed by the accounting ordered.

[¶8] On December 30, 2019, Ms. Eaton filed a W.R.C.P. 59 motion to alter or amend the order. On January 21, 2020, she filed a notice of appeal to this Court, and on January 31, 2020, the district court denied her Rule 59 motion.

## DISCUSSION

[¶9] Although the parties have not raised the question of whether a final appealable order was entered in this matter, we may do so sua sponte because it implicates our jurisdiction over the appeal. *Edsall v. Moore*, 2016 WY 71, ¶ 10, 375 P.3d 799, 801 (Wyo. 2016) (quoting *City of Casper v. Holloway*, 2015 WY 93, ¶ 16, 354 P.3d 65, 70 (Wyo. 2015)). Whether we have jurisdiction is a question of law that we consider de novo. *Jontra Holdings Pty Ltd v. Gas Sensing Tech. Corp.*, 2021 WY 17, ¶ 28, 479 P.3d 1222, 1231 (Wyo. 2021) (citing *Martin v. Hart*, 2018 WY 123, ¶ 17, 429 P.3d 56, 62 (Wyo. 2018)).

[¶10] W.R.A.P. 1.05(a) generally defines an appealable order as one that determines the action. Such an order has "three necessary characteristics. . . . It must affect a substantial right, determine the merits of the controversy, and resolve all outstanding issues." *Jontra Holdings*, ¶ 29, 479 P.3d at 1231 (quoting *Estate of Dahlke ex rel. Jubie v. Dahlke*, 2014 WY 29, ¶ 31, 319 P.3d 116, 124 (Wyo. 2014)); *see also Woods v. Woods*, 2001 WY 131, ¶ 8, 36 P.3d 1142, 1144 (Wyo. 2001) ("Generally a judgment or order which determines the merits of the controversy and leaves nothing for future consideration is final and

2

appealable, and it is not appealable unless it does those things.") (quoting *Pub. Serv. Comm'n v. Lower Valley Power & Light, Inc.*, 608 P.2d 660, 661 (Wyo. 1980)). "[T]he purpose of requiring a final appealable order 'is to avoid fragmentary appeals and decisions made in a piecemeal fashion.'" *Painter v. McGill ex rel. Wyo. Bd. of Med.*, 2019 WY 108, ¶ 15, 450 P.3d 1243, 1247 (Wyo. 2019) (quoting *Estate of McLean ex rel. Hall v. Benson*, 2003 WY 78, ¶ 8, 71 P.3d 750, 753 (Wyo. 2003)).

[¶11]   The district court's order required that Ms. Eaton make an accounting to the Estate for all vehicle and real property transfers as well as moneys removed from Mr. Iversen's bank and investment accounts.  It further contemplated that the Estate's damages would be calculated based in part on that accounting.  It is thus apparent that the order required further proceedings and did not resolve all outstanding issues.   Under similar circumstances, we have held that such an order is not a final appealable order.

> In the underlying case, both Roger and Marquietta Woods have asked for an accounting of the administration of the trust. While an interim accounting and an interim distribution of trust assets have been accomplished, there has not yet been a final accounting. The district court maintains jurisdiction to take such further action as is necessary to accomplish the final accounting. Thus, the order on appeal is clearly an interlocutory order and not appealable at this time.
>
> Because the order on appeal does not resolve the merits of the underlying claim, it is not an appealable order. Therefore, this appeal is dismissed.

*Woods*, ¶¶ 9-10, 36 P.3d at 1144-45.

[¶12]   In *Woods*, the plaintiff's claim was for an accounting, and a distribution of trust assets that would be affected by that accounting. *Id.* ¶¶ 3, 6, 36 P.3d at 1143-44.  Likewise, in this case, the Estate requested an accounting, as well as damages that will be calculated in part based on the accounting.  The district court's order after trial took a step toward resolving those claims by ordering the accounting, but it did not enter a final appealable judgment on damages.  This is exemplified by the fact that on November 24, 2020, after Ms. Eaton's appeal, the district court issued an "Order on Accounting" to enforce the accounting.  In that order, it ruled:

> **IT IS FURTHER ORDERED** that the interests of justice, judicial economy, and equity require that the dollar amount from matters determined in the underlying order, and the amount resulting from this Accounting should be reduced to a judgment against [Ms. Eaton]. The Estate, following return

of the items, will prepare a notice of unreturned items and their value as noted above and file it with the Court, along with a judgment reflecting all amounts ordered.

[¶13] We recognize that after a notice of appeal is filed, a trial court retains jurisdiction over matters unrelated to the appeal and to enforce its orders. W.R.A.P. 6.01(b); *Garwood v. Garwood*, 2010 WY 91, ¶ 26, 233 P.3d 977, 984 (Wyo. 2010) (citing *KC v. KM*, 941 P.2d 46, 50-51 (Wyo. 1997)). In this case, however, both the order following trial and the Order on Accounting show that a final judgment on damages will not be entered until the accounting is complete. Moreover, the damages that will be ordered in that future judgment are directly related to the claims Ms. Eaton raises in this appeal, in that she challenges the very basis for at least some of the damages that may ultimately be awarded to the Estate.

[¶14] Finally, we note that this matter has produced the fragmentary appeals the requirement of a final appealable order is intended to avoid. Ms. Eaton first appealed the district court's partial summary judgment order, and we dismissed that appeal. Additionally, while this appeal was pending, she appealed the above-cited Order on Accounting, which we dismissed, explaining:

> [T]he "Order on Accounting" indicates the district court intends to enter a money judgment after various items are returned (or not returned). Thus, the "Order on Accounting" is not a final appealable order, because it does not determine the action or "resolve all outstanding issues." *In re KRA*, 2004 WY 18, ¶ 10, 85 P.3d 432, 436 (Wyo. 2004).

*Davidson-Eaton v. Iversen*, No. S-21-0041 (Order Dismissing Appeal Mar. 9, 2021).

[¶15] Ms. Eaton's appeal from the order following trial suffers the same defect. That order did not determine the action or resolve all outstanding issues, and it therefore was not a final appealable order. We therefore dismiss this appeal.

4