# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 50

**APRIL TERM, A.D. 2024**

**May 2, 2024**

IN THE MATTER OF THE
TERMINATION OF PARENTAL
RIGHTS TO: SLD, a minor child.

KATRINA DANFORTH,

Appellant
(Respondent),

v.                                                              S-23-0187

RYAN HANSEN,

Appellee
(Petitioner).

*Appeal from the District Court of Sheridan County*
*The Honorable Darci A.V. Phillips, Judge*

*Representing Appellant:*
    Katrina Danforth, pro se.

*Representing Appellee:*
    Stacy M. Kirven, Kirven Law, LLC, Sheridan, Wyoming.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, and JAROSH, JJ., and McKAY, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Ryan Hansen and Katrina Danforth share a child, SLD.  Mr. Hansen filed a petition to terminate Ms. Danforth's parental rights to SLD and Ms. Danforth answered the petition pro se.  In her answer, she requested the appointment of a guardian ad litem for SLD and affirmatively requested the termination of Mr. Hansen's parental rights.  The district court ordered the termination of Ms. Danforth's parental rights but did not address Ms. Danforth's request to terminate Mr. Hansen's parental rights.  Ms. Danforth appealed.  Because the district court's order terminating Ms. Danforth's parental rights is not an appealable order under Rule 1.05 of the Wyoming Rules of Appellate Procedure, we dismiss the appeal for lack of jurisdiction.

## *ISSUES*

[¶2]    Ms. Danforth raises three issues which we rephrase as four:

> 1.      Did the district court err in disregarding her counterclaim?
>
> 2.      Did the district court abuse its discretion by denying her request for the appointment of a guardian ad litem for SLD?
>
> 3.      Did the district court err in extending her punishment for a past crime?
>
> 4.      Did the Department of Family Services' social study inadequately consider SLD's best interests and did this deficiency prejudice Ms. Danforth's case?

We address only the first issue.  Because the district court did not rule on Ms. Danforth's counterclaim, the district court's order terminating Ms. Danforth's parental rights is not an appealable order.

## *FACTS*

[¶3]    Ms. Danforth gave birth to SLD in January 2014, and later that year an Idaho court established Mr. Hansen's paternity.  The court awarded joint legal and physical custody of SLD to Ms. Danforth and Mr. Hansen, but Ms. Danforth was the "on-duty parent" subject to Mr. Hansen's visitation.  Upon learning that Ms. Danforth worked in the adult entertainment industry and had dated over the Internet from home while SLD was with her, Mr. Hansen filed for custody modification.  In January 2018, the Idaho court awarded temporary sole legal and physical custody to Mr. Hansen subject to Ms. Danforth's visitation.  Several months after this order was entered, Mr. Hansen discovered that Ms.

1

Danforth had posted a video of SLD wearing only underwear and high heels to her "adult entertainment" Facebook page. After the Facebook post, Mr. Hansen filed an ex parte motion for modification of Ms. Danforth's visitation. The Idaho court suspended all visitation by Ms. Danforth.

[¶4] Upset at this decision, Ms. Danforth hired a hitman to kill Mr. Hansen. Unknown to her, the hitman was an undercover police officer and did not execute the plan. Instead, Ms. Danforth was indicted in Idaho federal court for using interstate commerce in the commission of a murder-for-hire, in contravention of 18 U.S.C. § 1958. She pled guilty and in 2020, she was sentenced to 10 years in prison. Sometime after the indictment, Mr. Hansen and his wife relocated to Wyoming with SLD and their two other children.

[¶5] Mr. Hansen filed a petition to terminate Ms. Danforth's parental rights to SLD. Ms. Danforth answered and in her answer affirmatively requested the termination of Mr. Hansen's parental rights to SLD. Ms. Danforth also requested that a guardian ad litem be appointed for SLD. The district court entered an order terminating Ms. Danforth's parental rights according to Wyo. Stat. Ann. § 14-2-309(a)(iv). In its order, the district court acknowledged that Wyoming law generally requires the appointment of a guardian ad litem in termination of parental right actions unless a district court makes specific findings that the appointment is not necessary. Wyo. Stat. Ann. § 14-2-312. The district court found SLD's interests were not adverse to Mr. Hansen's, he could adequately represent her interests, and a guardian ad litem was not necessary. The district court did not address Ms. Danforth's request that Mr. Hansen's parental rights be terminated. Ms. Danforth timely filed this pro se appeal.

### ANALYSIS

[¶6] Ms. Danforth argues that the district court erred because it disregarded her counterclaim. In her answer, Ms. Danforth stated:

II. Affirmative Defenses

.  .  .

30.) That Petitioner's parental rights, if this court finds he legally has any, at present time, be terminated with respect to Petitioner, Ryan Hansen. In the alternative, limit to supervised visitation only, to eliminate further sexual abuse to SLD, while in Petitioner's care. Pursuant to Wyo. Stat. [Ann.] § 14-2-309(a)(iii), (a)(B), (c)(ii), (v), (a)(ix).

III. Prayer for Relief

2

WHEREFORE, Mother, Katrina Danforth . . . prays for judgment in this action . . . [a] decree terminating the Parent child relationship with respect to Ryan Hansen in and to the minor child [SLD] pursuant to Wyo. Stat. [Ann.] § 14-2-309(a)(iii), (a)(ix), (a)(B), (c)(ii), (v).

[¶7]   Ms. Danforth's answer requested the termination of Mr. Hansen's parental rights. We construe this portion of her answer as a counterclaim. "Counterclaims differ from affirmative defenses in that counterclaims seek affirmative relief whereas affirmative defenses attempt to defeat the cause of action." *Matter of Phyllis V. McDill Revocable Tr.*, 2020 WY 99, ¶ 14, 468 P.3d 694, 699 (Wyo. 2020) (quoting *JPMorgan Chase Bank, N.A. v. E.-W. Logistics, L.L.C.*, 2014 IL App (1st) 121111, ¶ 54, 9 N.E.3d 104, 118–19). Affirmative relief is that "relief sought by a defendant . . . that could have been maintained independently of the plaintiff's action." *Affirmative Relief*, Black's Law Dictionary (11th ed. 2019). Where justice requires, when a party mistakenly designates a counterclaim as a defense, the court must consider the claim as though it was correctly designated. W.R.C.P. 8(c)(2). *See also McDill*, ¶ 14, 468 P.3d at 699 (citing W.R.C.P. 8(c)(2) and *McCarley v. McCarley*, 221 S.E.2d 490, 494 (N.C. 1976)). Ms. Danforth designated her request to terminate Mr. Hansen's parental rights as an affirmative defense. Her request did not seek to defeat Mr. Hansen's petition to terminate her parental rights but rather sought to terminate his parental rights. Her request was independent of Mr. Hansen's petition, and the district court's grant of Mr. Hansen's petition to terminate Ms. Danforth's parental rights did not dispose of Ms. Danforth's request to terminate Mr. Hansen's parental rights. Her request remains pending.[1]   Because her request was for affirmative relief that could have been brought independent of Mr. Hansen's petition, it was a counterclaim and we consider it as such.

[¶8]   Under W.R.A.P. 1.05(a), an "appealable order" is "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment[.]"   To be appealable, an order must satisfy three characteristics: first, it must affect a substantial right; second, it must determine the merits of the controversy; and third, it must resolve all outstanding issues. *See McDill*, ¶ 13, 468 P.3d at 698; *In re E.R.C.K.*, 2013 WY 160, ¶ 28, 314 P.3d 1170, 1176 (Wyo. 2013) (quoting *In re KRA*, 2004 WY 18, ¶ 10, 85 P.3d 432, 436 (Wyo. 2004)). *See also Est. of McLean ex rel. Hall v. Benson*, 2003 WY 78, ¶ 8, 71 P.3d 750, 753 (Wyo. 2003) ("To be final, the order must determine all liabilities of all parties and leave nothing for future consideration." (citations omitted)). Ms. Danforth's answer contained a counterclaim which remains unresolved. The Order Terminating Parental Rights is not an appealable order. We must dismiss for lack of jurisdiction. *McDill*, ¶ 16, 468 P.3d at 699.

---

[1] The situation here is distinguishable from, for example, counterclaims for custody or divorce, where a district court's grant of custody or divorce to one party countermands the other's request even where the district court does not specifically address the counterclaim.

3

## CONCLUSION

[¶9]    Because the district court's order terminating Ms. Danforth's parental rights is not an appealable order, we dismiss the appeal for want of jurisdiction.