# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 64

**APRIL TERM, A.D. 2024**

**June 12, 2024**

JEREMY JONES,

Appellant
(Plaintiff),

v.                                                                          S-23-0241

BETHANY YOUNG,

Appellee
(Defendant).

*Appeal from the District Court of Albany County*
*The Honorable Misha E. Westby, Judge*

*Representing Appellant:*
   *Jordan A. Surber, Coal Creek Law LLP, Cheyenne, Wyoming.*

*Representing Appellee:*
   *Linda J. Steiner and Abigail Fournier, Steiner, Fournier, Zook & Case, LLC, Cheyenne, Wyoming*

*Before FOX, C.J., and KAUTZ\*, BOOMGAARDEN, GRAY, and FENN, JJ.*

*FOX, C.J., delivers the opinion of the Court; KAUTZ, J., files a dissenting opinion.*

*\* Justice Kautz retired from judicial office effective March 26, 2024, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), he was reassigned to act on this matter on March 27, 2024.*



**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]    Jeremy Jones filed a complaint for divorce against Bethany Young. The district court entered a judgment and decree that awarded the marital home to Mr. Jones. The decree divided the equity in the home evenly and based the value of the home on the greater value testified to at trial and a value to be established by a future appraisal. Mr. Jones appealed. Because the decree is not a final order, we dismiss for lack of jurisdiction.

*ISSUE*

[¶2]    Mr. Jones presents two issues. However, we find the following issue dispositive:

> Whether the district court's Judgment and Decree of Divorce
> is a final appealable order that resolves all outstanding issues?

*FACTS*

[¶3]    Jeremy Jones and Bethany Young executed their Post-Nuptial Property Agreement ("the agreement") two days after their wedding in 2014.[1] The parties separated after six and half years, with no children born of their marriage. Mr. Jones filed a complaint for divorce, and litigation ensued over the agreement's enforceability and how it applied to certain real and personal property the parties had accumulated during their marriage.

[¶4]    The district court held a one-day trial. It received evidence and heard argument from Mr. Jones and Ms. Young regarding their interpretations of the agreement and how it should be applied to the disputed property; their individual contributions to the property; and their opinions as to the date of valuation for the marital home.

[¶5]    The court also heard testimony about the value of the marital residence from Ms. Young and real estate professionals. Ms. Young testified she believed the real property was worth a little over a million dollars based on the Albany County Assessor's website. A certified residential appraiser, who had appraised the property at $775,000 two years prior to the trial, testified, and his appraisal was admitted into evidence. The court also heard from a licensed realtor who testified to his comparative market analysis report completed a few months before trial. He valued the property at a range of $890,000 to $925,000 with a suggested list price of $925,000.

---

[1] "A postnuptial agreement is created when the parties execute an agreement following the marriage ceremony, even if the agreement is negotiated and drafted prior to the marriage." *Combs v. Sherry-Combs*, 865 P.2d 50, 53 (Wyo. 1993) (citing *Tompkins v. Bishop*, 94 Cal.App.2d 546, 211 P.2d 14, 16 (1949)).

[¶6]   The court entered its Judgment and Decree of Divorce, disposing of the real and personal property in accordance with its interpretation of the agreement. Mr. Jones was awarded exclusive possession of the marital residence. But the court awarded the parties their respective contributions towards the home,[2] and ordered

> The parties shall conduct another appraisal of the marital residence to have a current and accurate value of the residence as of 2023. Such appraisal will then be the determining value of the marital residence. However, in no case shall the marital residence be valued less than $925,000.00. Mr. Jones may select an appraiser of his choice. Following the appraisal, both parties shall split and divide evenly all remaining equity of the marital residence.

Mr. Jones timely appealed the district court's Judgment and Decree of Divorce.

## *DISCUSSION*

[¶7]   This Court may raise the question of whether a final appealable order was entered "sua sponte because it implicates our jurisdiction over the appeal." *Davidson-Eaton v. Iversen*, 2021 WY 49, ¶ 9, 484 P.3d 23, 24-25 (Wyo. 2021) (citing *Edsall v. Moore*, 2016 WY 71, ¶ 10, 375 P.3d 799, 801 (Wyo. 2016)); *Wood v. Wood*, 2018 WY 93, ¶ 5, 424 P.3d 247, 248 (Wyo. 2018) ("We may review an order from a district court only if it is 'appealable.'") (quoting W.R.A.P. 1.04(a). "Whether an order is final and appealable is a question of law, which we decide de novo." *Schmitz v. State Dep't of Workforce Servs. Lab. Standards*, 2017 WY 143, ¶ 14, 406 P.3d 312, 315 (Wyo. 2017) (quoting *Waldron v. Waldron*, 2015 WY 64, ¶ 14, 349 P.3d 974, 977-78 (Wyo. 2015), *overruled on other grounds by Essex Holding, LLC v. Basic Properties, Inc.,* 2018 WY 111, ¶ 14, 427 P. 3d 708 (Wyo. 2018)).

[¶8]   The Wyoming Rules of Appellate Procedure define an appealable order as "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment." W.R.A.P. 1.05(a). "This Court has consistently held that an appealable order under W.R.A.P. 1.05 has 'three necessary characteristics . . . It must affect a substantial right, determine the merits of the controversy, and resolve all outstanding issues.'" *Matter of SLD*, 2024 WY 50, ¶ 8, 547 P.3d 974, 976-77 (Wyo. 2024) (citing *Matter of Phyllis V. McDill Revocable Tr.,* 2020 WY 99, ¶ 14, 468 P.3d 694, 699 (Wyo. 2020)). "Generally[,] a judgment or order which determines the merits of

---

[2] Ms. Young was credited $35,500, and Mr. Jones was credited $209,000.

2

the controversy and leaves nothing for future consideration is final and appealable, and it is not appealable unless it does those things." *Gaston v. Life Care Ctrs. of Am., Inc.*, 2021 WY 74, ¶ 14, 488 P.3d 929, 935 (Wyo. 2021) (quoting *Woods v. Woods*, 2001 WY 131, ¶ 8, 36 P.3d 1142, 1144 (Wyo. 2001)).

[¶9] Although divorce is an area of the law "where 'finality' can be elusive," *Weiss v. Weiss*, 2008 WY 30, ¶ 12, 178 P.3d 1091, 1096 (Wyo. 2008), "the purpose of requiring a final appealable order 'is to avoid fragmentary appeals and decisions made in a piecemeal fashion.'" *Davidson-Eaton*, 2021 WY 49, ¶ 10, 484 P.3d at 25 (quoting *Painter v. McGill ex rel. Wyo. Bd. of Med.*, 2019 WY 108, ¶ 15, 450 P.3d 1243, 1247 (Wyo. 2019)). This Court has noted "piecemeal litigation of divorces should be avoided. Except in rare cases, 'all issues in a divorce should be resolved in a single decree.'" *Begley v. Begley*, 2020 WY 77, ¶ 23, 466 P.3d 276, 284 (Wyo. 2020) (quoting *Loran v. Loran*, 2015 WY 24, ¶ 10 n. 1, 343 P.3d 400, 402 n. 1 (Wyo. 2015)). This purpose is illustrated by the Arkansas Court of Appeals, which decided a similar matter in an unreported opinion, *Rezanka v. Rezanka*, No. CA 05-298, 2005 WL 2414620, (Ark. Ct. App. Sept. 28, 2005). In *Rezanka*, the trial court entered a decree of divorce which resolved most of the property issues except for the husband's marital interest in two corporate entities. *Id.* at *1. The trial court's order stated the following regarding one of the entities:

> Randy Minton of Cabot, Arkansas, has been hired to appraise the land and building owned by [the entity] by agreement of the parties. After arriving at the appraised value of the land and building, the total debt on the land and building shall be subtracted from the appraised value and the [wife] shall pay the [husband] twenty-five percent of said amount.

*Id.*

[¶10] The husband appealed, and the Arkansas Court of Appeals dismissed his appeal, holding the order was not final "because the trial court's assessment of the value of [the entity] ha[d] yet to be calculated . . . No appraisal ha[d] been conducted, and the trial court made no specific finding as to the amount of the corporate debt that was to be deducted from the value of the property." *Id.* at *1-2. The record also did not indicate "that either the parties or the trial court were bound to accept the appraiser's conclusion as to the property's value. Since the potential for dispute remain[ed], deciding this appeal would thwart the goal of avoiding piecemeal litigation." *Id.* at *2.

[¶11] This Court has also found when substantial matters are left unresolved, there is no final appealable order. *Painter*, 2019 WY 108, ¶¶ 15, 21 450 P.3d at 1245-48 (finding no final appealable order when the order affirmed an administrative board's decision in part, reversed in part, and reversed and remanded in part because "[t]he ultimate effect of the

district court's order is to leave substantial matters unresolved, namely, the number and nature of violations"). *Weiss,* 2008 WY 30, 178 P.3d at 1091, is not to the contrary. Although this Court found a final appealable order despite the fact the receiver had yet to obtain a survey so the property could be divided, it relied on the exception for receivers at W.R.A.P. 1.05(e)(2). *Weiss,* 2008 WY 30, ¶¶ 10, 13, 178 P.3d at 1094-95 ("An appealable order is . . . "[i]nterlocutory orders and decrees of the district courts which . . . [a]ppoint receivers, or issue orders to wind up receiverships, or to take steps to accomplish the purposes thereof, such as directing sales or other disposition of property.").

[¶12] We conclude the district court's Judgment and Decree of Divorce is not a final appealable order. At trial, the parties greatly contested the value of the marital residence. The district court did not set a value. It instead authorized Husband to choose an appraiser and obtain "another appraisal of the marital residence to have a current and accurate value of the residence as of 2023." This 2023 window was broad, with no direction as to whether the appraisal should reflect the home's value as of January 2023, the date of trial, or just some date in 2023. For these reasons and those pointed out by the dissent, it would come as no surprise if the parties disagreed over that, and over the soundness of the appraisal, none of which of course were ruled on by the district court.

[¶13] The order attempted to foreclose further dispute over the home's value by directing that it would be the greater of the new appraised value or the $925,000 value already in evidence. We view this as unrealistic. Nothing would preclude a W.R.C.P. 60(b) motion to challenge the new appraisal. While a Rule 60(b) motion does not in itself affect the finality of a judgment, the basis for such a motion in this case is indicative of the lack of finality in the judgment. The most highly contested issue in the proceeding was the value of the marital residence, and the judgment did not set that value.[3]

[¶14] The district court's order left a "substantial matter" unresolved. *Painter*, 2019 WY 108, ¶ 15, 450 P.3d at 1246-47. Because this unknown left potential for further dispute, the district court's order does not meet the requirements of W.R.A.P. 1.05 as it does not "resolve all outstanding issues." *Lower*, 2020 WY 33, ¶ 11, 459 P.3d at 446 (quoting *Schmitz*, 2017 WY 143, ¶ 14, 406 P.3d at 315).

---

[3] If the judgment had set the value and then ordered Husband to refinance the home, with the parties then dividing the remaining equity, we would have no concerns with the order's finality. As it is, before the order can be final, Husband must submit the appraisal to the district court, and the court must make its final calculations. Or, as the dissent suggests, the court might have decided based on the evidence presented at trial.

## *CONCLUSION*

[¶15] The district court's Judgment and Decree of Divorce is not a final appealable order, and we therefore dismiss Mr. Jones' appeal for lack of jurisdiction.

**KAUTZ, J., dissenting.**

[¶16]  I conclude the district court's "Judgment and Decree of Divorce" (decree) is an "appealable order" as that term is defined in W.R.A.P. 1.05. It determines all the issues in the parties' divorce case and leaves nothing for further consideration or decision by the district court.  It does not require the district court to further consider any issue.  Under the terms of the decree there will be no further hearings, no further evidence, and no further order.

[¶17]  The decree awarded the residence to Mr. Jones and ordered him to refinance it.  The decree stated that from the refinance of the home, "Ms. Young is awarded $35,000.00.  Mr. Jones is awarded $209,000.00.  The parties shall split and divide evenly, all remaining equity following Mr. Jones refinancing and conducting an appraisal of the marital residence."  It is obvious from this language in the decree that the value of the property was set at whatever the appraisal showed, and the equity in the home would be determined by deducting the amount of debt when Mr. Jones refinanced the house.  Nothing remained for an evidentiary hearing or argument.

[¶18]  While the decree directed Mr. Jones to obtain an appraisal and to refinance the house, those obligations leave nothing for the district court to decide and the parties have no opportunity to challenge the appraisal or present any further evidence.  The decree was not designed to "only obtain additional information" for the court, but instead left "nothing for future consideration."  Consequently, it is final and appealable. *Public Service Commission v. Lower Valley Power & Light,* 608 P.2d 660, 661 (Wyo. 1980).

[¶19]  "The purpose of requiring a final appealable order 'is to avoid fragmentary appeals and decisions made in a piecemeal fashion.'" *Davidson-Eaton v. Iversen,* 2021 WY 49, ¶ 10, 484 P.3d 23, 25 (Wyo. 2021) (quoting *Painter v. McGill ex rel. Wyo. Bd. of Med.*, 2019 WY 108, ¶ 15, 450 P.3d 1243, 1247 (Wyo. 2019), and *Est. of McLean ex rel. Hall v. Benson*, 2003 WY 78, ¶ 8, 71 P.3d 750, 753 (Wyo. 2003)). There is no possibility of any further decision or appeal in the parties' divorce case. This is not a fragmentary appeal – it is the only opportunity the parties have to raise issues with the procedure or decision of the district court.  In the future, the parties might bring requests to enforce the decree, but those issues are not currently part of the case.

[¶20]  On the merits of Mr. Jones' arguments, I conclude the decree must be reversed.  A trial court is not at liberty to refuse to decide the issues on the evidence presented by the parties, and instead insist on some other evidence.  The parties presented the evidence they thought was appropriate for their theories of the case, and the evidence was closed.  At that point, the trial court must rule on the evidence, rather than require something else. *Root v. Root,* 2003 WY 36, ¶ 16, 65 P.3d 41, 47 (Wyo. 2003), provides an example of the proper procedure for weighing the evidence presented at trial regarding the value of marital property.

The wife came forward with evidence, though perhaps not overwhelming in nature, of the value of the business. Once the wife made a prima facie showing, the evidence was entitled to stand unless controverted. *Ferguson v. Ferguson,* 481 P.2d 658, 659 (Wyo. 1971). If evidence was available which would have refuted this proof, it was incumbent upon the husband to produce it at the trial. *Id.* This is the essence of our adversarial process.

[¶21] With respect to the district court's order directing the parties to obtain an appraisal, the court apparently found the realtor's market value determination sufficient evidence to establish a floor for the value of the property. Such a finding precluded the district court from ruling that the evidence was insufficient and then demanding a new appraisal.

[¶22] With respect to the date of valuation, the district court's approach is internally inconsistent and fails to recognize that it made Mr. Jones responsible for the residence when the parties separated, including payments and costs associated with it. The court apparently used the date of trial as a valuation date for the parties' assets but ordered the new appraisal to be "a current and accurate value of the residence as of 2023." That date may be consistent with the trial date, or it may be significantly earlier or later in 2023. The district court recognized that the parties separated in 2020 (the 2021 date in the beginning of the decree is incorrect and is inconsistent with other documents in the case). The court issued a mutual restraining order awarding the residence to Mr. Jones on February 1, 2021, and made him responsible for paying all debts associated with the property. The district court gives no explanation for using the date of trial as a date for valuation of the property, rather than the more appropriate date of separation. Furthermore, the court's approach results in a valuation of the net equity in the house as of the date Mr. Jones refinances it. In this situation, I conclude using a May 2023 valuation date was an abuse of discretion.

7